**LAW OFFICES OF**
**ELISABETH SEIEROE MAURER, PC**

ELISABETH SEIEROE MAURER: CT, NY, IL
EVA M. PUORRO: CT, NY, NJ

DANIEL P. HUNSBERGER
Of Counsel

Paralegals
GLORIA A. STEARNS
RITA L. CONCEPCION

871 ETHAN ALLEN HIGHWAY, SUITE 202
RIDGEFIELD, CT 06877

TEL: 203-438-1388
FAX: 203-431-0357
e-mail: esmaurer@esmlaw.net

RECEIVED
APR 0 2 2003
CHAMBERS OF ELLEN

April 1, 2004

The Honorable Ellen Bree Burns
United States District Court Senior Judge
United States District Court of Connecticut
141 Church Street
New Haven, CT 06510

> RE: **Victor T. Conte v. US Alliance Federal Credit Union, et al.**
> **Civil Case No. 301 CV-463 (EBB)**

Dear Judge Burns:

This office represents the Plaintiff in the above-referenced case. We have received the letter dated March 29, 2004 addressed to Your Honor from US Alliance's counsel Martin Unger, Esq., and accompanying affidavit from the stenotype recorder that transcribed a tape recording produced by US Alliance. Please accept this letter as Plaintiff's objection to Attorney Unger's request that Your Honor's Amended Ruling filed March 18, 2004 be changed to state that a conversation between Plaintiff and Al Menard occurred on September 10, 1998, rather than on September 11, 1998 as Your Honor's ruling states.

There is absolutely no basis for Attorney Unger's request. In purported support of this request, Attorney Unger cites his own Moving Affidavit dated April 16, 2003 (submitted in support of US Alliance's motion for summary judgment), paragraph 18B thereto. Attorney Unger's affidavit purports to quote a transcript of recorded conversation, allegedly between Menard and Conte. Attorney Unger's affidavit fails to support his assertion that Menard and Conte spoke on any date in particular. In fact, US Alliance has failed to produce a shred of evidence that establishes in a reliable or admissible manner the exact date of any conversations contained in recordings produced by US Alliance. Moreover, US Alliance has admitted through

The Honorable Ellen Bree Burns
United States District Court Senior Judge
April 1, 2004
Page 2

depositions in this proceeding that the recordings it created and maintained in 1998 have absolutely no time stamp or other indication of the day or time when they were created.

Moreover, Plaintiff at no time agreed to US Alliance's use of those recordings and transcripts as evidence of what transpired between Conte and US Alliance. In fact, in opposing US Alliance's summary judgment motion, Plaintiff promptly asserted objections to US Alliance's use of those recordings and transcripts on the grounds that they lack foundation, are incomplete and unreliable. (See attached affirmation, ¶29 and pp. 4-6 thereto.) For example, in my attached affirmation dated May 15, 2003 submitted in opposition to US Alliance's summary judgment motion, Plaintiff objected to US Alliance's presentation of those tapes (and transcripts thereof) as evidence of what transpired between Conte and US Alliance, noting that those tapes are at best an incomplete, suspect version of what occurred. As that affirmation also points out, US Alliance admitted during depositions that those recordings were neither indexed nor time stamped. In that affirmation, Plaintiff objected further that because US Alliance has only produced a fraction of the recordings it admittedly maintained throughout 1998 of conversations between Conte and US Alliance, an adverse inference should result that the contents of the missing recordings contain information harmful to US Alliance's position in this case.

Plaintiff's counsel drafted and intended to submit on the May 24th deadline set by Your Honor, a motion *in limine*, asking that the Court bar US Alliance's use of the recordings and transcripts produced by US Alliance, and alternatively issue an appropriate adverse inference instruction to the jury. However, in light of recent developments, we feel compelled to submit that motion before that deadline. Plaintiff therefore respectfully requests Your Honor's permission to deviate from Your Honor's scheduling order and have that motion submitted and considered by Your Honor before that May 24th deadline.

The Honorable Ellen Bree Burns
United States District Court Senior Judge
April 1, 2004
Page 3

For the reasons stated herein, in Plaintiff's other submissions herein, and in Plaintiff's motion *in limine*, which Plaintiff intends to submit to the Court shortly, Plaintiff respectfully requests that Attorney Unger's request to amend Your Honor's Amended Ruling filed March 18, 2004, be denied in its entirety.

Respectfully Submitted,

Law Offices of Elisabeth Seieroe Maurer, PC

Elisabeth Seieroe Maurer

cc: Martin P. Unger, Esq. by Federal Express 8455-2770-5498
    Andrew M. Zeitlin, Esq. by Federal Express 8455-2770-5502

Enclosure

By Federal Express 8455 2770 4528

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
VICTOR T. CONTE,            :   Civil Action No.
    Plaintiff,              :   3:01 CV 463 (EBB)
v.                          :
                            :
US ALLIANCE FEDERAL CREDIT UNION,  :   May 15, 2003
AFFINA BROKERAGE SERVICES, INC.,   :
ROBERT AMBROSE, and JOHN WALSH,    :
    Defendants.             :
------------------------------------------------------------X

## AFFIRMATION OF ELISABETH SEIEROE MAURER

1. Attached as Exhibit "A" is a copy of deposition excerpts of Victor T. Conte.

2. Attached as Exhibit "B" is a copy of deposition excerpts of Robert Ambrose.

3. Attached as Exhibit "C" is a copy of deposition excerpts of John Walsh.

4. Attached as Exhibit "D" is a copy of deposition excerpts of David Brody.

5. Attached as Exhibit "E" is a copy of deposition excerpt of John Petrie.

6. Attached as Exhibit "F" is a copy of a tape transcript. (Speakers: Vic Conte, Norman, John Petrie, Al Menard)

7. Attached as Exhibit "G" is a copy of a tape transcript. (Speakers: Vic Conte, John Petrie, John Walsh, Norman)

8. Attached as Exhibit "H" is a copy of tape transcript. (Speakers: Barry Moseley, Vic Conte, John Petrie)

9. Attached as Exhibit "I" is a copy of a Cue-10 report dated September 8, 1998.

10. Attached as Exhibit "J" is a copy of a Cue 10 report dated September.10, 1998.

11. Attached as Exhibit "K" is a copy of a computer tickler system entry.

12. Attached as Exhibit "L" is a copy of an undercollateralized report. (Stock Valued at 90%)

13. Attached as Exhibit "M" is a copy of an undercollaterized report. (Stock Valued at 100%)

14. Attached as Exhibit "N" is a copy of an account statement of Victor T. Conte for the period of 10/01/94 through 10/31/94.

15. Attached as Exhibit "O" is a copy of a receipt for check disbursement from Mr. Conte's loan account.

16. Attached as Exhibit "P" is a copy of correspondence from Charles Porten, CFA dated December 28, 2002.

17. Attached as Exhibit "Q" is a copy of the NASD Exit Conference Summary Form.

18. Attached as Exhibit "R" is a copy of correspondence from John Walsh to Dexter Tom, NASD dated February 15, 2000.

19. Attached as Exhibit "S" is a copy of correspondence from John Walsh to Dexter Tom, NASD dated March 6, 2000.

20. Attached as Exhibit "T" is a of the NCUA Examination Report.

21. Attached as Exhibit "U" is a copy of Dorsa & Associates, Inc. Draft Policies and Procedures.

22. Attached as Exhibit "V" is a copy of Defendant's Request for Admissions.

23. Attached as Exhibit "W" is a copy of Plaintiff's Response to Defendant's Request for Admissions.

24. Attached as Exhibit "X" is a copy of the secured loan application dated October 11, 1994.

25. Attached as Exhibit "Y" is a copy of the NCUA Policies and Procedures Part 712 and NCUA Letter to Credit Unions Number 150.

26. Defendant US Alliance asserts that Conte entered into a stock secured loan agreement in 1994 comprised of Exhibits 7a, 7b, and 7c to Conte's deposition that controls the resolution of this dispute. (Attached as Exhibit "X")

27. This assertion is in error for the following reasons.

   a. On October 11, 1994, Conte borrowed $25,000 from the credit to lend to his son, Damon Conte, for a truck loan. Attached as Exhibit "N" is Conte's credit union statement, showing the increase in his loan account and the cash disbursement. Also attached as Exhibit "O" is the receipt received by Conte with the $25,000 check, which says, "demand loan, callable on 7 days notice".

   b. In Conte's deposition, the relevant pages are attached as Exhibit "A", at page 63, line 13, Conte specifically testifies that he does not remember receiving 7a or 7b when he signed 7c.

   c. US Alliance admits in Ambrose's deposition at page 15, line 21, the relevant pages of which are attached as Exhibit "B", that

3

      they have no record of Conte ever receiving 7a or 7b or that either was in any file related to him.

28. US Alliance asserts that David Brody gave Conte a dollar amount needed to cure his undercollateralized position on September 8, 1998, and a demand that Conte do so immediately. This assertion is also in error.

    a. David Brody testified in his deposition, the relevant pages of which are attached as Exhibit "D", that he did not remember telling Conte the dollar amount necessary to cure the undercollateralized position. Further, the computer tickler system had no record of that disclosure being made, but did indicate that Conte had offered to resolve that matter in two days. (Attached as Exhibit "K")

    b. Further Conte testified in his Affidavit submitted herewith that Brody never provided that information or asked him to take any specific action.

29. US Alliance presents transcripts of certain tapes as evidence of the events which transpired between Conte and the Credit Union. However, these tapes are at best an incomplete version, and therefore, a suspect version of the events that transpired.

    a. Walsh testified that he spoke with Conte before September 10, 1998. See Walsh deposition, the relevant pages of which are attached as Exhibit "C". Further, Walsh testified that all incoming and outgoing calls

were taped recorded. However, US Alliance has never produced any evidence of Walsh's purported calls to Conte. Conte testified he had never spoken to Walsh before September 10.

b. US Alliance asserts that Brody told Conte the dollar amount need to cure the undercollaterlized position on September 8, 1998, and that calls to and from Brody's department were also taped. Yet, no such tape has been produced.

c. Conte describes in his deposition and in his affidavit a conversation with Walsh on the morning of September 10, 1998, during which Walsh expresses surprise that Conte has IRA assets in the credit union and says, "You're raising some very good issues" when Conte asks if the credit union has considered the tax impact of the liquidation in establishing the manner of the liquidation. No such taped conversation has been produced.

d. Finally, Ambrose in his deposition describes the difficulty that US Alliance is having finding tapes because they are not indexed saying, "...those are not time-stamped. It does not help us find when the call has been taped". (See attached Exhibit "B" page 144, lines 2-3)

The failure to produce these critical conversations raises an inference that the contents of the tapes would be adverse to US Alliance's position.

Dated: May 15, 2003

*[signature]*
Elisabeth Seieroe Maurer

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
VICTOR T. CONTE,                         :    Civil Action No.
    Plaintiff,                           :    3:01 CV 463 (EBB)
v.                                       :
                                         :    **CERTIFICATION**
US ALLIANCE FEDERAL CREDIT UNION,        :
AFFINA BROKERAGE SERVICES, INC.,         :
ROBERT AMBROSE, and JOHN WALSH,          :    May 16, 2003
    Defendants.                          :
---------------------------------------------------X

    I hereby certify that a copy of the foregoing Affirmatioin of Elisabeth Seieroe Maurer has been sent, via facsimile and Federal Express, on this 16th day of May, 2003, to the following counsel and pro se parties of record.

Martin P. Unger, Esq.
Certilman Balin Adler
90 Merrick Ave
East Meadow, NY 11554

/15th and/

_____
Elisabeth Seieroe Maurer