**ORIGINAL**

FILED

May 6  10 24 AM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

———————————————————————X

VICTOR T. CONTE,

                     Plaintiff,

       v.

US ALLIANCE FEDERAL CREDIT UNION,
AFFINA BROKERAGE SERVICES, INC.,
ROBERT AMBROSE and JOHN WALSH,

                Defendants.

———————————————————————X

Civil Action No.
3:01 CV 463 (EBB)

AFFIDAVIT OF
MARTIN P. UNGER

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NASSAU | ) |

      MARTIN P. UNGER, being duly sworn, deposes and says:

      1.     I am one of the counsel for USAlliance Federal Credit Union ("USAlliance") in

the above-captioned action. I make this affidavit pursuant to this Court's Orders, dated April 27,

2004 and filed April 28, 2004 (the "Order") and April 29, 2004 (the "Second Order").

      2.     While USAlliance and its counsel have always fully and timely complied with this

Court's Orders, as well as with the requirements of the Federal Rules of Civil Procedure and the

Local Civil Rules for the District of Connecticut, we find it curious that the Court seeks

information concerning insurance coverage and compliance with certain National Credit Union

Administration regulations, matters not in issue in the context of the case before the Court. As

the Court now knows, pursuant to my letter of April 26, 2004, and the enclosure therewith

(Exhibit A hereto), plaintiff's counsel was advised in June 2001 that "There are no relevant

iManage:1556021.1

insurance agreements covering USAlliance or Affina." Further, Robert Ambrose, a Senior Vice President of USAlliance, in his deposition testimony of October 23, 2002 referred to by the Court in the Order, also testified in the same place: "We're not aware of any insurance." Simply put, insurance coverage vel non is not an issue in my view, in this case.

3.    While the Court refers to the "National Credit Union Association" in the Order, and then propounds interrogatories to USAlliance respecting that "Association," there is no such organization that either defense counsel or USAlliance is aware of.  Rather, I presume the Court is referring to the National Credit Union Administration, and shall answer the interrogatories contained in the Order as if that were the case.  The answers follow by the numbers contained in the Order:

    (1)    USAlliance is not a "member" of the National Credit Union Administration.

    (2)    The National Credit Union Administration provides insurance for deposits at federal credit unions such as USAlliance substantially similar to that offered by the Federal Deposit Insurance Corporation.

    (3)    Other than the coverage referred to in response to interrogatory 2 above, the National Credit Union Administration does not offer any insurance.  It should be obvious that the coverage referred to in number 2 above is inapplicable.

    (4)    Number 4 of the Court's Order is merely a reference to a question and portion of a response contained in the deposition of Robert Ambrose, taken on October 23, 2002.  While no answer is therefore required, as

2

iManage:1556021.1

above noted, the first sentence of Mr. Ambrose's answer is: "We're not aware of any insurance."

(5)     While there exists no letter "from the bond company," a copy of a declination, dated May 24, 2001, from CUMIS Insurance Society, Inc. to USAlliance is annexed hereto as Exhibit B.

(6)     USAlliance is not being defended by any "insurance company or bond company" under a reservation of rights or otherwise.  There is, therefore, no documentation in this regard.  Counsel has been directly and solely retained by USAlliance to represent it in this action.

4.     With respect to the Second Order, the answers follow by the numbers contained in the Second Order:

(1)     Yes.

(2)     Yes.

(3)     Yes.

5.     I believe that the foregoing provides full and complete responses to the information sought by the interrogatories contained in the Order.  Indeed, in an effort to

3

accommodate the Court, I have gone well beyond the bounds of the information sought by the

Court in order to ensure that the Court has complete information on the subject.

Martin P. Unger

Sworn to before me this
5th day of May, 2004.

Notary Public

ANNE MARIE BEHRMAN
Notary Public, State of New York
No. 01BE4876600
Qualified in Nassau County
Commission Expires Nov. 10, 2006

4

iManage:1556021.1

**Exhibit A**



90 MERRICK AVENUE
EAST MEADOW, NY 11554
PHONE: 516.296.7000 • FAX: 516.296.7111
www.certilmanbalin.com

MARTIN P. UNGER
PARTNER
DIRECT DIAL: 516.296.7004
munger@certilmanbalin.com


April 26, 2004


**Via Federal Express**
Hon. Ellen Bree Burns, Senior Judge
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

            Re:    Case No. 3:01-cv-463
                  Conte v. US Alliance Federal Credit Union

Dear Judge Burns:

      I am in receipt of your Order of April 23, 2004 accusing USAlliance of failing to provide insurance agreements as required by Rule 26(a)(1)(D). I must say I was taken aback by the tone of Your Honor's Order particularly the portion that states: "The Court will not tolerate such obstreperous conduct on the part of defense counsel." Attached hereto (without exhibits), is a copy of the "Initial Disclosure of the Defendants USAlliance Federal Credit Union and Affina Brokerage Services, Inc. [then a party], pursuant to Rule 26(a)(1)" dated June 21, 2001, timely served at that time. "D" of that document relates specifically to Subsection (a)(1)(D) of Rule 26 of the Federal Rules of Civil Procedure, the response to which states: "There are no relevant insurance agreements covering USAlliance or Affina."

      Under the circumstances, I respectfully request that Your Honor withdraw the above Order, specifically making note that defense counsel has not engaged in the "obstreperous conduct," charged by the Court. Since there are no such documents, as was disclosed in the

iManage:1554252.1

CERTILMAN BALIN ADLER & HYMAN, LLP
SUFFOLK OFFICE: 1393 VETERANS MEMORIAL HWY., SUITE 301S, HAUPPAUGE, NY 11788 • PHONE: 631.979.3000 • FAX: 631.979.7070

CERTILMAN BALIN

Initial Disclosure, dated June 21, 2001, I shall assume that further compliance with the disclosure in that regard ordered by the Court in the Order discussed herein, is not required.

Respectfully,

Martin P. Unger

MPU:ed
enc.
cc:  Elisabeth Seieroe Maurer, Esq.
      Andrew M. Zeitlin, Esq.

iManage:1554252.1

6/21/01

Bwt3 # 15

# UNITED STATES DISTRICT COURT
### for the
## DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

VICTOR T. CONTE,

                Plaintiff,                       Case No. 3:01 CV 463 (SRU)

v.

US ALLIANCE FEDERAL CREDIT
UNION, AFFINA BROKERAGE
SERVICES, INC., ROBERT AMBROSE
and JOHN WALSH,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

## INITIAL DISCLOSURE OF DEFENDANTS
## USALLIANCE FEDERAL CREDIT UNION
## AND AFFINA BROKERAGE SERVICES, INC.
## PURSUANT TO RULE 26(a)(1)

        Defendants USAlliance Federal USAlliance ("USAlliance") and Affina Brokerage

Services, Inc. ("Affina"), by and through their undersigned counsel, hereby submit their initial

disclosure pursuant to Rule 26(a)(1).

        **A.** The name and, if known, the address and telephone number of each individual likely

to have discoverable information relevant to disputed facts alleged with particularity in the

pleadings identifying the subjects of the information.

RESPONSE:

    1.       **Victor T. Conte**, P.O. Box 6002, Erie, PA 16512; information regarding the

               allegations contained in his Complaint.

2.    **John Walsh**, 600 Midland Avenue, Rye, NY 10580; information regarding Affina's customers and his contacts with plaintiff.

3.    **Robert Ambrose**, 600 Midland Avenue, Rye, NY 10580; information regarding plaintiff's accounts and the activity therein at USAlliance as well as the basis for the decision to liquidate securities in plaintiff's Stock Secured Loan Account.

4.    **Michael Brody**, 600 Midland Avenue, Rye, NY 10580; contacts with plaintiff particularly on September 8, 1998 regarding the default in plaintiff's Stock Secured Loan Account.

**B.** A copy of, or description by category and location of, all documents, data compilations, and tangible things that are in possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

RESPONSE:

Copies of documents in the possession, custody or control of USAlliance and/or Affina that may be used to support defendants' defenses to the complaint are annexed hereto as Exhibits A through F.

**C.** A computation of any category of damages claimed by the disclosing party, making available for inspection and copying, as under Rule 34 of the Federal Rules of Civil Procedure, the documents or other evidentiary materials, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

RESPONSE:

Neither USAlliance nor Affina claim any damages.

**D.**    For inspection and copying, as under Rule 34 of the Federal Rules of Civil Procedure, any insurance Agreement under which any person carrying on an insurance business

2

may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

RESPONSE:

There are no relevant insurance agreements covering USAlliance or Affina.

Dated: New York, New York
June 21, 2001

Defendants USAlliance Federal Credit Union and
Affina Brokerage Services, Inc.

By: _____
Martin P. Unger
Federal Bar No. ct 22624
BLANK ROME TENZER GREENBLATT LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
and

Frederick S. Gold
Federal Bar No. ct 03560
Andrew M. Zeitlin
Federal Bar No. ct 21386
SHIPMAN & GOODWIN LLP
One Landmark Square
Stamford, CT 06901-2676
(203) 324-8111

3

Exhibit B

Gary W. Horst
Associate Counsel
Office of General Counsel
Voice/TDD: 800/356-2644, Ext. 6051
FAX: 608-236-8098
E-Mail Address:  gary.horst @ cunamutual.com


CUNA MUTUAL GROUP
*CUMIS Insurance Society, Inc.*

May 24, 2001

John E. Torpey, VP Facilities & Purchasing
USAlliance Federal Credit Union
600 Midland Ave
Rye, NY 10580-3999

Re:    Victor T. Conte v. USAlliance Federal Credit Union, Affina Brokerage
       Services, Inc., Robert Ambrose and John Walsh; U S District Court for the
       District of Connecticut; Case No. 301CV463SRU; CUMIS Claim No. 573839

Dear Mr. Torpey:

This will confirm your recent telephone conversation with Bob Konop with respect to the
above-referenced lawsuit.

The plaintiff has basically asserted that certain of his stocks which were reportedly
pledged as collateral on various loans were improperly sold by the credit union causing
him a substantial loss.  In his complaint, the plaintiff has made the following allegations
against the credit union:  Breach of Fiduciary Duty, Negligence, Fraud, Conversion,
Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing,
Violation of New York General Business Law Section 349, and Violation of CGS 42-110
et seq.  These allegations do not fall within the insuring clauses of the credit union's
Business Liability Policy, CUMIS Credit Union Bond, or any other contract of insurance
issued by CUMIS to the credit union.  Thus, there is no coverage available to the credit
union regarding this matter.  However, as you know, we will be providing a defense to the
individual defendants named in this case under the credit union's Directors,
Volunteers, and Employees Coverage.

In the event that any new claims are asserted by Victor Conte, please contact me
immediately.  Also contact me if you have any additional questions.

Sincerely,

Gary W. Horst

GWH:lc

[573839]

P.O. Box 1084 • 5910 Mineral Point Road • Madison, WI 53701-1084
Business: 608/238-5851 • Voice/TDD: 800/937-2644 • Fax: 608/238-0830

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing AFFIDAVIT OF MARTIN P. UNGER was served via Federal Express on May 5, 2004:

Elisabeth Seieroe Maurer, Esq.
871 Ethan Allen Highway, Suite 202
Ridgefield, CT 06877

Attorney for Victor T. Conte

Martin P. Unger, Esq.