UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR T. CONTE,<br>    Plaintiff,<br>v.<br><br>US ALLIANCE FEDERAL CREDIT UNION,<br>AFFINA BROKERAGE SERVICES, INC.,<br>ROBERT AMBROSE, and JOHN WALSH,<br>    Defendants. | Civil Action No.<br>3:01 CV 463 (EBB)<br><br>May 7, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

This Memorandum of Law is respectfully submitted in support of Plaintiff Victor Conte's Motion for Sanctions seeking the following relief:

An order sanctioning Defendant US Alliance Federal Credit Union ("US Alliance") pursuant to Rule 37 of the Federal Rules of Civil Procedure due to US Alliance's failure to comply with this Court's Orders dated April 23, 2004, and April 27, 2004;

An order sanctioning Defendant US Alliance Federal Credit Union ("US Alliance") pursuant to Rule 37 of the Federal Rules of Civil Procedure due to US Alliance's failure to make the mandatory disclosures of insurance information as set forth in Rule 26(a)(1)(D).

## FACTUAL STATEMENT

The facts at issue are set forth in detail in the Affirmation of Elisabeth Seieroe Maurer, Esq. dated May 7, 2004, ("Maurer Aff.") accompanying this memorandum, the contents of which are incorporated herein by reference.

This motion for sanctions has been brought to remedy the prejudice and injustice that has resulted through Defendant's deliberate failure to obey this Court's Orders, dated April 23, 2004, and April 27, 2004, which mandate that Defendant disclose information and produce documents relating to US Alliance's insurance/bond coverage. (Maurer Aff., ¶¶3), and Defendant's continuing failure to comply with the disclosure regarding insurance coverage mandated by Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure.

On or about June 21, 2003, Defendant submitted an "Initial Disclosure" (Maurer Aff., ¶2 and Exhibit "A" thereto) pursuant to Rule 26(a)(1)(D), indicating among other things that "there are no relevant insurance agreements covering US Alliance or Affina". As indicated below and in the Maurer Aff., it was later realized that this response was untrue. (See Maurer Aff., ¶7.)

On April 23, 2004, This Court issued an Order (attached hereto as **Exhibit "B"**) stating that Defendant is "three years tardy for compliance with" the disclosure mandated by Federal R. Civ. Procedure 26(a)(1)(D) of "any insurance Agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment". That Order directed Defendant to produce such information at the offices of Plaintiff's counsel on or before May 3, 2004. That Order also warned Defendant's counsel about the consequences of Defendant's further failure to comply with the Court's Order, stating "The Court will not tolerate such obstreperous conduct on the part of defense counsel". (See Maurer Aff., ¶3, and Exhibit "B" thereto, p. 1.)

Defendant's counsel on or about April 26, 2004 submitted a letter (Maurer Aff., Exhibit "C" thereto) to the Court, requesting that the Court withdraw its April 23, 2004, Order because "there are no...documents" to disclose as directed in the Court's April 23, 2004, Order. (Maurer Aff., ¶4.) As indicated below and in the Maurer Aff., this representation made to the Court was false. (Maurer Aff., ¶¶7 and 9.)

On April 27, 2004, this Court issued another Order (attached to the Maurer Aff as Exhibit "D" thereto) mandating that Defendant on or before May 6, 2004 "submit an affidavit, for the Court's review" addressing various questions regarding whether and to what extent Defendant had insurance coverage as required by the National Credit Union Association. (Maurer Aff., ¶5.)

On April 28, 2004, Plaintiff's counsel advised the Court by letter (attached to the Maurer Aff. as Exhibit "E" thereto) that The National Credit Union Administration's Rules and Regulations, and the National Credit Union Administration's *Federal Credit Union Handbook* require federal credit unions like US Alliance to obtain adequate surety bond coverage to protect it from direct losses resulting from dishonest and fraudulent acts of credit union officials and employees, to secure other insurance to protect the credit union's interest including fire, comprehensive, **liability** and automobile insurance, and under certain circumstances to obtain coverage above and beyond the minimum coverage defined in those regulations. (Maurer Aff., ¶6.)

In response to the Court's April 27, 2004, Order, Defendant's counsel Martin Unger submitted an affidavit (attached to the Maurer Aff. as Exhibit "F"

3

thereto). A letter attached as an Exhibit to that affidavit dated May 24, 2001, from US Alliance's insurance carrier CUMIS, clearly indicates that as of June 21, 2001, the date on which US Alliance made its Rule 26(a)(1) disclosure, CUMIS was defending John Walsh and Robert Ambrose, employees of Defendant who were Defendants in this case at the time, pursuant to an insurance policy issued by CUMIS. (Maurer Aff., ¶7.) That letter-exhibit also reveals that bond coverage and other insurance policies exist between CUMIS and US Alliance, such as by way of example, "Business Liability Policy, CUMIS Credit Union Bond" and "other contract[s] of insurance issued by CUMIS to the credit union". (See Maurer Aff., ¶7 and Exhibit "E" thereto (Unger Affidavit, Exhibit B attached thereto)). Other than the above CUMIS letter, no other insurance documentation has been produced by Defendant. Yet, incredibly, Attorney Unger in that affidavit represents to the Court:

> I believe that the foregoing provides full and complete responses to the information sought by the interrogatories contained in the Order. Indeed, in an effort to accommodate the Court, I have gone well beyond the bounds of the information sought by the Court in order to ensure that the Court has complete information on the subject.

(Maurer Aff., ¶7.)

To date, Defendant has not produced any insurance agreements as required by this Court's Orders dated April 23 and 27, 2004 and Federal Rule of Civil Procedure 26(a)(1)(D). (Maurer Aff., ¶8.)

Plaintiff's receipt of attorney Unger's affidavit dated May 5, 2004, was the first time Plaintiff learned about bond coverage and other insurance policies that exist between CUMIS and US Alliance, such as by way of example, "Business

4

Liability Policy, CUMIS Credit Union Bond" and "other contract[s] of insurance issued by CUMIS to the credit union" other than the limited knowledge that Walsh and Ambrose were being defended by some unidentified insurer. (Maurer Aff., ¶9.) Without having this knowledge at the time it was required to be disclosed almost 2 ¾ years ago, Plaintiff is now faced with the prospect of having to file a second suit to litigate coverage with the insurance carrier. (Maurer Aff., ¶9.)

Defendant and its counsel have willfully failed on a continuous basis during the 2 ¾ years to comply with this its Rule 26(a)(1)(D) disclosure requirements and this Court's orders. Plaintiff thus urges the Court to punish such bad faith conduct by issuing sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure against US Alliance and its counsel, including but not limited to attorneys' fees, costs, striking Defendant's defenses herein and prohibiting Defendant from introducing evidence in defense of Plaintiff's claims.

## ARGUMENT

### DEFENDANT AND ITS COUNSEL SHOULD BE SANCTIONED DUE TO THE THEIR WILLFUL, CONTUMACIOUS FAILURE TO ABIDE BY THIS COURT'S ORDERS AND DISREGARD OF THE MANDATORY DISCLOSURE REQUIREMENTS OF RULE 26(A)(1)(D) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure <u>mandates</u> the disclosure to Plaintiff herein "for inspection and copying…any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." If a party

"fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(2). Sanctions may be imposed under Rule 37 of the Fed. R. Civ. P. also if a party fails to obey a Court's Order relating to discovery. Id.

A court "even in the absence of a discovery order…may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs". Metropolitan Opera Association, Inc. v. Local 100, et al. 212 F.R.D. 178 (S.D.N.Y. 2003), citing Residential Funding Corporation v. DeGeorge Financial Corporation, 306 F.3d 99, 106-107 (2d Cir. 2002); see generally Chambers v. NASCO, Inc., 501 U.S. 32, 43, 115 L.ed.2d 278, 111 S. Ct. 2123 (1991) ("it has long been understood that 'certain implied powers must necessarily result to our Courts of justice from the nature of their institution', powers 'which cannot be dispensed with in a Court because they are necessary to the exercise of all others'" (citation omitted)). Sanctions "under the Court's inherent power require a finding of bad faith" and may be "imposed…on an attorney, a party, or both." Metropolitan Opera, 212 F.R.D at 220, citing Sassower v. Field, 973 F.2d 75, 80-81 (2d Cir. 1992). As a "general rule, a court is not obliged to give formal warning that sanctions might be imposed for violation of the court's orders. New Pacific Overseas Group v. Excal International Development Corp., et al., 2000 U.S. Dist. LEXIS 4695 (2000) (holding sanctions of attorneys' fees, costs and preclusion proper in light of party's deliberate violations of district court's order and prejudice resulting therefrom). Accord Young v. Gordon, et al., 330 F.3d 76, 81 (1st Cir. 2003) (citing the "unarguable

6

*proposition that courts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs", and stating that "[t]he authority to order sanctions in appropriate cases is a necessary component of that capability") citing* HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988)(*remarking that "courts cannot function if litigants may, with impunity, disobey lawful orders"*).

A district court may use the sanction of dismissal "for failure...to comply with...any order of the court". Sterling Promotional Corp. v. General Accident Insurance Company of New York, et al., 86 Fed. Appx. 441, 442 (2d Cir. 2004). A "dismissal for failure to comply with discovery 'is a harsh remedy to be used only in extreme situations, and then only when the Court finds willfulness, bad faith or any fault on the part of the" offender. Id. at 443 (citation omitted).

Another component of a Court's "inherent power [to control cases] is the power to assess costs and attorneys' fees against either the client or his attorney where a party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons'". Id. at 442, n. 1.

Defendant and its counsel have willfully and in bad faith failed to make the disclosures relating to US Alliance's insurance coverage required by Rule 26(a)(1)(D) of the Fed. R. Civ. P. and by this Court's Orders, despite having numerous opportunities to do so, and warnings to do so from this Court.

From the start, Defendant's disclosure of the insurance information required by Fed. R. Civ. P. 26(a)(1) has been evasive. Defendant in its "Initial Disclosure" dated June 21, 2001, indicated that "there are no relevant insurance

7

agreements covering US Alliance or Affina". (Maurer Aff., ¶2 and Exhibit "A" thereto.) This Court, not Defendant, is responsible for determining what insurance agreements are "relevant". Defendant's "Initial Disclosure" was thus insufficient.

After this Court's first Order was issued, Defendant's counsel wrote to the Court, requesting that it <u>withdraw</u> its first Order, because "there are no…documents" to disclose pursuant to that first Order of the Court. (Maurer Aff., ¶4.)

After this Court issued its second Order of disclosure (<u>see</u> Maurer Aff., ¶5), on or about May 5, 2004 Defendant produce an affidavit with exhibits in response to the Court's Orders. (<u>See</u> Maurer Aff., ¶7.) Plaintiff learned for the first time through that affidavit and information attached thereto, that as of June 21, 2001, bond coverage and other insurance policies existed between CUMIS and US Alliance, such as by way of example, "Business Liability Policy, CUMIS Credit Union Bond" and "other contract[s] of insurance issued by CUMIS to the credit union". (<u>See</u> Maurer Aff., ¶7, 9, and Exhibit "F" thereto.), and that CUMIS had rejected US Alliance's request that CUMIS defend and indemnify it against Plaintiff's claims herein. (<u>See</u> Maurer Aff., ¶7.) Defendant provided to Plaintiff and the Court no other insurance documentation other than its Attorney's affidavit and a letter attached thereto from CUMIS insurance company. (<u>See</u> Maurer Aff., ¶7.) Incredibly, Attorney Unger in his May 5, 2004 affidavit states:

> I believe that the foregoing provides full and complete responses to the information sought by the interrogatories contained in the Order. Indeed, in an effort to accommodate the Court, <u>I have gone well beyond the bounds of the information sought by the Court in</u>

8

<u>order to ensure that the Court has complete information on the subject</u>.

(Maurer Aff., ¶7) (emphasis added).

Rule 26(a)(1) does not limit the required disclosure of information to situations where an insurance carrier has accepted a duty to defend and indemnify. Plaintiff is thus entitled to receive all policies and agreements relating to the insurance police and bond coverage referenced in Attorney Unger's May 5, 2004, affidavit.

As the above illustrates, Defendant has without basis made representations to this Court that it has "complied" with its orders, and that it does not have any of the insurance information that this Court's Orders and Rule 26(a)(1) require Defendant to produce. As indicated above, as revealed by Attorney Unger's affidavit dated May 5, 2004, it turns out that Defendant indeed has relevant insurance and bond coverage about which it must and has been ordered to disclose information to Plaintiff. Defendant for the past 2 ¾ years has been engaged in a willful, deliberate pattern of evasion of discovery obligations and has willfully failed to comply with this Court's Orders.

Defendant's bad faith conduct has caused undue prejudice to Plaintiff. Without having knowledge of this insurance information at the time it was required to be disclosed, Plaintiff is now faced with the prospect of having to file a second suit (which may already be barred by the statute of limitation) to litigate coverage with US Alliance's insurance carrier. (Maurer Aff., ¶9.)

Defendant's acts are the exact type of misconduct that Rule 37 was designed to address. As indicated above, Courts have even used dismissal to sanction such bad faith misconduct.

As such it would be well within this Court's discretion to impose sanctions upon Defendant and/or its counsel including but not limited to (1) striking of Defendant US Alliance's Answer and prohibiting US Alliance from introducing evidence relating to its alleged defenses herein, under Rule 37((b)(2)(B) and (C) of the Federal Rules of Civil Procedure; (2) ordering Defendant US Alliance to compensate Plaintiff for his reasonable expenses, including attorneys' fees, caused by such failure, under Rule 37(b)(2) of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons stated herein, and in all submissions made to the Court in support of Plaintiff's application herein, and for the reasons stated during any hearing thereon, Plaintiff's Motion For Sanctions should be granted in its entirety.

PLAINTIFF,
VICTOR T. CONTE

BY: _____
Elisabeth Seieroe Maurer (ct11445)
Law Offices of Elisabeth Seieroe Maurer, PC
871 Ethan Allen Hwy., Suite 202
Ridgefield, CT 06877
Phone (203) 438-1388
Fax (203) 431-0357
e-mail: esmaurer@snet.net