ELISABETH SEIEROE MAURER: CT, NY, IL
EVA M. PUORRO: CT, NY, NJ

DANIEL P. HUNSBERGER
Of Counsel

Paralegals
GLORIA A. STEARNS
RITA L. CONCEPCION

FILED
May 25  4 13 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

LAW OFFICES OF
ELISABETH SEIEROE MAURER, PC

871 ETHAN ALLEN HIGHWAY, SUITE 202
RIDGEFIELD, CT 06877

TEL: 203-438-1388
FAX: 203-431-0357
e-mail: esmaurer@esmlaw.net

May 14, 2004

The Honorable Ellen Bree Burns
United States District Court Senior Judge
United States District Court of Connecticut
141 Church Street
New Haven, CT 06510

> RE: **Victor T. Conte v. US Alliance Federal Credit Union, et al.**
> **Civil Case No. 301 CV-463 (EBB)**

Dear Judge Burns:

We represent Plaintiff Victor Conte in the above matter. We submit this letter to request prior approval of a demonstrative aid in the form of a PowerPoint presentation that Plaintiff would like to use at trial.

This case is very fact intensive, and involves well over 700 exhibits of documentary evidence generated during the parties' long relationship. The PowerPoint presentation that Plaintiff wishes to use at trial would enable the Court, parties and jury to better understand and much more easily digest the chronology of events and voluminous evidence to be presented in Plaintiff's case. Plaintiff would use a laptop at trial to make this presentation, and would set up separate viewing screens so that the Court, clerk, Defendant and the jury will be able to simultaneously view that presentation.

Specifically, Plaintiff's PowerPoint presentation will consist of the following:

(1) A timeline that sets forth a factual history of Conte's thirty-year relationship with US Alliance and a detailed chronology of events occurring in 1998. We intend to include in that timeline details about matters such as:
   a. The nature of Conte's relationship with US Alliance over the years, such as, e.g., US Alliance products and services used by Conte;

The Honorable Ellen Bree Burns
United States District Court Senior Judge
United States District Court of Connecticut
May 14, 2004
Page 2 of 2

 

      b. The loan/collateral ratio that Conte had with US Alliance during their relationship, particularly during 1998;
      c. Interactions between Conte and US Alliance;
      d. Information about the performance of the Dow Jones and NASDAQ markets during the period of September 1998, particularly September 8-11, 1998;

(2) A means to access and present over 700 exhibits of documentary evidence. That documentary evidence would be scanned, in Adobe format, into a laptop computer that Plaintiff will bring to trial. As Plaintiff accesses those documents by computer at trial, those documents would be simultaneously projected onto screens. That documentary evidence would include items such as:
      a. US Alliance business records (such as trade confirmations, trade tickets, agreements, account statements);
      b. correspondence between Conte and US Alliance;
      c. printouts used and notes made by Conte, which, among other things, serve to illustrate efforts made by Conte to monitor the status of his US Alliance account, the loan and asset levels in that account, and the value of the securities contained therein.

We have a number of questions for the Court's consideration:

a) Whether separate hard copies of all documentary evidence to be used in Plaintiff's case must be distributed to each juror and to the Defendant, or whether it would be sufficient to have one hard copy in the Courtroom at all times, for access by all participants. We would also provide Defendant with a disk containing a copy of all such evidence;

b) Whether we would be permitted to leave our equipment (laptop computers, projection screens, cables, and the like) in the Courtroom for the entire length of this trial;

The Honorable Ellen Bree Burns
United States District Court Senior Judge
United States District Court of Connecticut
May 14, 2004
Page 3 of 3

    c) Whether the Court would like to set up a conference with all parties to answer any questions the Court or Defendant may have. Should the Court wish, Plaintiff would be happy to give the Court and Defendant a demonstration of the technology that it would like to use at trial.

    d) Whether Plaintiff would be permitted to provide the jury with a laptop computer for use during its deliberations. That laptop would only contain the above PowerPoint timeline presentation and scanned copies of the documentary evidence admitted into evidence. If the Court wishes, Plaintiff would also be willing to provide the jury with an assistant who could help the jury with its use and operation of that equipment during its deliberations.

Plaintiff respectfully requests the Court's guidance on these matters and thanks the Court in advance for its assistance.

Respectfully submitted,
Law Offices of Elisabeth Seieroe Maurer, PC

Elisabeth Seieroe Maurer

cc: Martin P. Unger, Esq. (via facsimile 516-296-7111)
    Andrew M. Zeitlin, Esq. (via facsimile 203-324-8199)
VIA FACSIMILE 203-773-2148