ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
May 27  10 02 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

―――――――――――――――――――x

VICTOR T. CONTE,

                Plaintiff,         Civil Action No.
                                        3:01 CV 463 (EBB)

   v.

US ALLIANCE FEDERAL CREDIT UNION,
AFFINA BROKERAGE SERVICES, INC.,
ROBERT AMBROSE and JOHN WALSH,

                Defendants.

―――――――――――――――――――x

**MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR SANCTIONS AND IN SUPPORT OF
<u>DEFENDANT'S APPLICATION FOR SANCTIONS</u>**

                                CERTILMAN BALIN ADLER & HYMAN, LLP
                                90 Merrick Avenue
                                East Meadow, New York 11554
                                Attorneys for Defendant
                                Tel:   (516) 296-7000
                                FAX: (516) 296-7111

                                Shipman & Goodwin LLP
                                300 Atlantic Street
                                Stamford, Connecticut 06901
                                Tel:   (203) 324-8100
                                FAX: (203) 324-8199

Martin P. Unger, Esq.
Robert Connolly, Esq.
  Of Counsel

iManage:1560602.1

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................... 1

FACTS ........................................................................ 1

POINT I ....................................................................... 1

    SANCTIONS AGAINST USALLIANCE AND/OR USALLIANCE'S
    COUNSEL ARE NOT WARRANTED UNDER THE FACTS AT
    BAR ..................................................................... 1

POINT II ...................................................................... 3

    SANCTIONS AGAINST PLAINTIFF AND HIS COUNSEL ARE
    WARRANTED UNDER THE CIRCUMSTANCES AT BAR ..................... 3

CONCLUSION ................................................................ 4

iManage:1560602.1

## PRELIMINARY STATEMENT

USAlliance Federal Credit Union ("USAlliance") submits this Memorandum of Law, together with the Affidavit of Martin P. Unger, sworn to May 26, 2004, and the exhibits annexed thereto ("Unger Aff."), in opposition to Plaintiff's instant motion for sanctions and in support of USAlliance's application for sanctions.

## FACTS

The facts are fully set forth in the Unger Aff. and in the exhibits annexed to the Affirmation of Elizabeth Seieroe Maurer, dated May 7, 2004.

## POINT I

### SANCTIONS AGAINST USALLIANCE AND/OR USALLIANCE'S COUNSEL ARE NOT WARRANTED UNDER THE FACTS AT BAR

While we agree that a court may impose sanctions (a) against a party and/or attorney under Federal Rule of Civil Procedure 37, (b) under 28 U.S.C. § 1927 against an attorney, and (c) pursuant to its inherent power against a party or an attorney, sanctions against USAlliance and/or its counsel are not warranted at bar.

Under Federal Rule 37 sanctions for discovery misconduct may be appropriate in cases of intentional behavior, actions taken in bad faith, grossly negligent conduct, or even for negligent conduct. Metropolitan Opera Association, Inc. v. Local 100, Hotel Employees and Restaurant Employees International Union, 212 F.R.D. 178 (S.D.N.Y. 2003); *see* Sterling Promotional Corp., v. General Accident Insurance Company of New York, 86 Fed. Appx. 441 (2d Cir. 2004); Residential Funding Corporation v. DeGeorge Financial Corp., 306 F.3d 99 (2d Cir. 2002).

1

iManage:1560602.1

28 U.S.C. § 1927 provides in relevant part that:

> .... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

A showing of bad faith is required and is satisfied when the attorney's actions are completely without merit so as to require the conclusion that such conduct must have been undertaken for an improper purpose. Metropolitan Opera Association, Inc. v. Local 100, *supra* at 138. Sanctions under the court's inherent power similarly require a finding of bad faith. Id. at 138.

None are applicable here. Rather, USAlliance and its counsel have met all discovery obligations.

Indeed, while insurance coverage is not relevant, even under the broad standard of Federal Rule of Evidence 401, and, accordingly, there can be no prejudice whatsoever to plaintiff, the simple fact is, as fully responded to in:

(a) USAlliance's Initial Disclosure (Maurer Affirmation, dated May 7, 2004, Exhibit A);

(b) Robert Ambrose deposition testimony (Affidavit of Martin P. Unger, sworn to May 5, 2004, ¶ 2, annexed to Maurer Affirmation as Exhibit F);

(c) Unger May 5, 2004 Affidavit above cited, and

(d) Unger Aff.,

there is not, and never was, insurance coverage covering USAlliance for the claims contained in the complaint in this action.

The conclusion is inescapable therefore, that plaintiff's counsel's actions and her

Affirmation, dated May 7, 2004, in support of the motion, "are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose...." Oliveri v. Thompson, 803 F.2d 1265, 1273 (2nd Cir. 1986); Metropolitan Opera Association, Inc. v. Local 100, *supra* at 138.

## POINT II

### SANCTIONS AGAINST PLAINTIFF AND HIS COUNSEL ARE WARRANTED UNDER THE CIRCUMSTANCES AT BAR

As previously noted, 28 U.S.C. § 1927 states that an attorney may be required to personally satisfy excess costs if that attorney "so multiplies the proceedings in a case unreasonably and vexatiously." Under that statute a showing of bad faith is satisfied "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose ...." Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986), *supra* at 1273; Metropolitan Opera Association, Inc. v. Local 100, Hotel Employees and Restaurant Employees International Union, *supra* at 138. A district court also has the inherent authority to sanction a party and/or its counsel for acting in "bad faith, vexatiously, wantonly or for oppressive reasons." Chambers, v. Nasco, Inc., 501 U.S. 32, 45-46 (1991); Sassower v. Field, 973 F.2d 75 (2d Cir. 1992), *cert denied,* 507 U.S. 1043, *rehearing denied,* 508 U.S. 968 (1993). Sanctions assessed pursuant to the inherent authority of the court include attorney's fees. *Id.*

As shown in the Unger Aff., and as discussed at Point I herein, plaintiff's instant motion is utterly devoid of merit and, therefore, can only have been brought in the utmost bad faith for an improper purpose. In this connection this Court should take note of the plethora of

3

iManage:1560602.1

misrepresentations and deceptive statements by plaintiff and plaintiff's counsel we have noted throughout the course of this action, the most recent of which is discussed in the Opposition Affidavit of Martin P. Unger, sworn to April 27, 2004, at paragraph 5(g).

In these circumstances, we respectfully submit that the most severe sanctions are required including, without limitation, dismissal of this action and assessment of attorney's fees.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that (a) plaintiff's instant motion for sanctions be denied in its entirety as being devoid of merit, and (b) defendant USAlliance's application for sanctions be granted in all respects, and the most severe sanctions, including assessment of attorney's fees, be imposed upon plaintiff and plaintiff's counsel.

Dated: East Meadow, New York
       May 26, 2004

Defendant USAlliance Federal Credit Union

By: _____
    Martin P. Unger
Federal Bar No. ct22624
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, NY 11554
Tel:  (516) 296-7000
FAX: (516) 296-7111

Frederick S. Gold
Federal Bar No. ct03560
Andrew M. Zeitlin
Federal Bar No. ct 21386
Shipman & Goodwin LLP
300 Atlantic Street
Stamford, Connecticut 06901
Tel:  (203) 324-8100
FAX: (203) 324-8199

4

iManage:1560602.1

## CERTIFICATION OF SERVICE

      I hereby certify that a copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions and in Support of Defendant's Application for Sanctions was mailed, via Federal Express on May 26, 2004 to:

Elisabeth Seieroe Maurer, Esq.
871 Ethan Allen Highway, Suite 202
Ridgefield, CT 06877

Attorney for Victor T. Conte

_____
Martin P. Unger, Esq.

iManage:1415013.1