ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
──────────────────────────────X

VICTOR T. CONTE,

              Plaintiff,

   v.

US ALLIANCE FEDERAL CREDIT UNION,
AFFINA BROKERAGE SERVICES, INC.,
ROBERT AMBROSE and JOHN WALSH,

              Defendants.

──────────────────────────────X

FILED

May 27  10 02 AM '04

U.S DISTRICT COURT
NEW HAVEN, CONN.

Civil Action No.
3:01 CV 463 (EBB)

AFFIDAVIT OF
MARTIN P. UNGER

STATE OF NEW YORK   )
                           ) ss.:
COUNTY OF NASSAU   )

      MARTIN P. UNGER, being duly sworn, deposes and says:

      1.     I am one of the defense counsel representing USAlliance Federal Credit Union ("USAlliance") in the above-captioned action. I submit this affidavit in opposition to plaintiff's motion for sanctions, dated May 7, 2004. Based on the exhibits attached to the Moving Affirmation of Elizabeth Seieroe Maurer, dated May 7, 2004 (the "Maurer Affirmation"), the motion lacks any merit whatsoever and must be denied. Moreover, as discussed herein and in the accompanying Memorandum of Law, dated May 26, 2004 (which is incorporated as if fully set forth hereat), sanctions are warranted indeed, virtually mandated, against plaintiff and his counsel for their misconduct, at the least in bringing on the motion at bar.

      2.     Preliminarily, I note that plaintiff's counsel's Certification of Service certifying that plaintiff's Motion for Sanctions, Memorandum of Law, and Maurer Affirmation "was sent

iManage:1559658.1

via federal express prepaid on this 7th day of April, 2004" cannot be true and correct. Plaintiff's Motion, the Maurer Affirmation and plaintiff's Memorandum of Law are all dated May 7, 2004, as is the Federal Express receipt.

3. Moreover, because the motion at bar is part of a pattern of deception and misrepresentations engaged in by plaintiff's counsel throughout the course of this action (most of which are noted in the Record on file in the Court Clerk's Office), sanctions should be imposed on plaintiff's counsel for the waste of judicial time and resources engendered by the instant motion as well as for expenses unnecessarily incurred by USAlliance (including legal fees) in defending the instant motion.

4. No matter what plaintiff's counsel represents in the Maurer Affirmation and supporting Memorandum of Law, the exhibits annexed thereto speak for themselves - the language contained in the exhibits served by USAlliance (Exhibits A and F thereto), is plain, concise and clear. It should, therefore, be clear beyond any doubt, that USAlliance does not have insurance coverage for the claims in the complaint at bar, or, to put it in the language of Federal Rule 26(a)(1)(D), no "person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment", if any. My affidavit of May 5, 2004 is clear and precise on this. Robert Ambrose, in his deposition testimony referred to in this Court's April 27, 2004 Order and in my May 5, 2004 Affidavit (at ¶ 2) is also clear and specific on this. Further, the interrogatories concerning insurance coverage contained in the Court's April 27, 2004 and April 29, 2004 Orders have been clearly and fully responded to in my May 5, 2004 Affidavit and the

2

"declination letter" directed to be produced is annexed thereto. The answers to these interrogatories, too, reinforce there is no insurance coverage for the claims in the case at bar.

5. Plaintiff's counsel's statement in the Maurer Affirmation concerning her "limited knowledge that Walsh and Ambrose were being defended by an unidentified insurance company" is only part of the story. In fact, the full disclosure in the "Initial Disclosure of Defendants Robert Ambrose and John Walsh pursuant to Rule 26(a)(1)", dated June 25, 2001, as to insurance is: "There is an insurance policy afforded to Robert Ambrose and John Walsh as employees and/or representatives of USAlliance and/or Affina, relevant portions of which are available for inspection by plaintiff's counsel upon reasonable request" (Exhibit A hereto). As far as I am aware, plaintiff's counsel did not make a request for such insurance policy or even the relevant portions thereof; and, because of the dismissal from the action of Messrs. Ambrose and Walsh, such insurance policy is no longer relevant nor material.

6. Plaintiff's counsel's hysterical rantings concerning the failure of USAlliance to provide full insurance documentation concerning all insurance or bonds USAlliance had or has in place, is just that - hysterical and absurd. There is no requirement in the Federal Rules of Civil Procedure or elsewhere for such a production. Plaintiff's counsel's misreading of the plain English of Federal Rule 26(a)((1)(D) cannot be merely negligent, it must be intentional, in bad faith, for an improper purpose, and an attempt to further deceive the Court.

7. Plaintiff's counsel's claim in the Maurer Affirmation of the "prospect of having to file a second suit to litigate coverage with the insurance carrier" is even more ridiculous than the claims contained in the complaint in the case at bar. Nowhere has plaintiff's counsel shown the need for recourse to relevant insurance, even if such did exist, which it does not. Plaintiff's

counsel's claim of "undue prejudice" in this regard is equally absurd. As I pointed out in my May 5, 2004 Affidavit, insurance coverage is "not in issue in the context of the case before the Court" (Unger Affidavit, May 5, 2004, ¶ 2).

8. Thus, if there is a wilfulness and sanctionable conduct here, the wilfulness is by plaintiff's counsel as is the sanctionable conduct which is causing a waste of judicial time and resources, as well as time and unnecessary expense, including legal fees, to USAlliance.

9. Accordingly, aside from outright denial of plaintiff's motion for sanctions, USAlliance requests the Court issue an order sanctioning plaintiff and plaintiff's counsel, and as part of such sanction, ordering plaintiff's counsel to reimburse USAlliance for all sums expended in the defense of the instant meritless motion; and in doing so, I respectfully request that the Court take account of the plethora of misrepresentations and deceptive statements made by plaintiff's counsel throughout the course of this litigation.

_____
Martin P. Unger

Sworn to before me this
26th day of May, 2004.

_____
Notary Public

REBECCA BELVEDERE
Notary Public, State of New York
No. 5053371
Qualified in Nassau County
Commission Expires December 18, 2005

11280-00601
6/25/01
# 16

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR T. CONTE, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 3:01CV463 (SRU) |
| US ALLIANCE FEDERAL CREDIT UNION, AFFINA BROKERAGE SERVICES, INC., ROBERT AMBROSE, AND JOHN WALSH | : | |
| Defendants. | : | JUNE 25, 2001 |

## INITIAL DISCLOSURE OF DEFENDANTS ROBERT AMBROSE AND JOHN WALSH PURSUANT TO RULE 26(a)(1)

Defendants Robert Ambrose and John Walsh, by and through their undersigned counsel, hereby submit their initial disclosure pursuant to Rule 26(a)(1).

A. The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings identifying the subjects of the information.

**RESPONSE:**

1. **Victor T. Conte**, P. O. Box 6002, Erie, PA 16512; information regarding the allegations contained in his Complaint.

2. **John Walsh**, 600 Midland Avenue, Rye, NY 10580; information regarding Affina's customers and the extent of any of his contacts with plaintiff.

3. **Robert Ambrose**, 600 Midland Avenue, Rye, NY 10580; information regarding plaintiff's accounts and the activity therein at USAlliance as well as the basis for the decision to liquidate securities in plaintiff's Stock Secured Loan Account, and the extent of any of his contacts with plaintiff.

B. A copy of, or description by category and location of, all documents, data compilations, and tangible things that are in possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

**RESPONSE:**

None, other than any documents in the possession, custody or control of these defendants' employers and which have already been provided by USAlliance and/or Affina and that may be used to support defendants' defenses to the complaint.

C. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying, as under Rule 34 of the Federal Rules of Civil Procedure, the documents or other evidentiary materials, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE:**

Neither Robert Ambrose nor John Walsh claims any damages.

2

**D.** For inspection and copying, as under Rule 34 of the Federal Rules of Civil Procedure, any insurance Agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

There is an insurance policy afforded to Robert Ambrose and John Walsh as employees and/or representatives of USAlliance and/or Affina, relevant portions of which are available for inspection by plaintiff's counsel upon reasonable request.

DEFENDANTS JOHN WALSH AND
ROBERT AMBROSE

By_____
S. Peter Sachner   CT13421
Jacqueline D. Bucar CT 01187
TYLER COOPER & ALCORN LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06509-1910
Telephone: (203) 784-8200
Telecopier: (203) 789-8069
E-mail: sachner@tylercooper.com

3

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Affidavit of Martin P. Unger in Opposition to Plaintiff's Motion for Sanctions was mailed, via Federal Express on May 26, 2004 to:

Elisabeth Seieroe Maurer, Esq.
871 Ethan Allen Highway, Suite 202
Ridgefield, CT 06877

Attorney for Victor T. Conte

Martin P. Unger, Esq.

iManage:1415013.1