UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR T. CONTE, | : |
| | : |
| **Plaintiff,** | : Civil Action No. |
| v. | : 3:01 CV 463 (EBB) |
| | : |
| US ALLIANCE FEDERAL CREDIT UNION, | : |
| AFFINA BROKERAGE SERVICES, INC., | : |
| ROBERT AMBROSE AND JOHN WALSH | : June 4, 2004 |
| | : |
| **Defendants** | : |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AND IN OPPOSITION TO DEFENDANT'S APPLICATION FOR SANCTIONS

Law Offices of Elisabeth Seieroe Maurer, P.C.
Attorneys for Plaintiff Victor Conte
871 Ethan Allen Highway, Suite 202
Ridgefield, Connecticut  06877
(203) 438-1388

## **TABLE OF CONTENTS**

                                                                                                Page

I.     DEFENDANT HAS WITHOUT BASIS FAILED TO MAKE THE INSURANCE DISCLOSURES REQUIRED BY RULE 26(a) DESPITE BEING ORDERED BY THIS COURT TO DO SO .......................................................... 1

II.    DEFENDANT HAS PRESENTED NO BASIS FOR THE IMPOSITION OF SANCTIONS UPON PLAINTIFF..................... 2

CONCLUSION.............................................................................. 5

Plaintiff Victor Conte ("Plaintiff" or "Conte") respectfully submits this reply brief in further support of his Motion for Sanctions, and in opposition to Defendant US Alliance's ("Defendant")'s application for the imposition of sanctions against Plaintiff.

## I. DEFENDANT HAS WITHOUT BASIS FAILED TO MAKE THE INSURANCE DISCLOSURES REQUIRED BY RULE 26(a) DESPITE BEING ORDERED BY THIS COURT TO DO SO

Defendant has not refuted that it has failed to make the insurance disclosures mandated by Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure, despite being ordered to do so by this Court.

Defendant argues that the 'plain English' of Rule 26(a) does not require it to disclose the insurance information at issue, and argues that such information is not relevant. (See Affirmation of Martin Unger ("Aff. Opp.") submitted in opposition to Plaintiff's Motion for Sanctions, at ¶¶6 and 7, and Memorandum of Law In Opposition to Plaintiff's Motion for Sanctions and In Support of Defendant's Application For Sanctions ("Mem. Opp."), at page 2). However, a close reading of that rule and its purpose as stated in its own legislative history, refute those assertions.

The Advisory Committee notes, cited below, set forth the scope and purposes of Rule 26(a) insurance disclosures, and explain that such disclosures must be made even in situations where the insurer contests liability under a policy:

> Disclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation. It will conduce to settlement and avoid protracted litigation in some cases, though in others it may have an opposite effect. The amendment is limited to insurance

> coverage, which should be distinguished from any other facts concerning defendant's financial status (1) because insurance is an asset created specifically to satisfy the claim; (2) because the insurance company ordinarily controls the litigation; (3) because information about coverage is available only from defendant or his insurer; and (4) because disclosure does not involve a significant invasion of privacy.
>
> Disclosure is required when the insurer "may be liable" on part of all of the judgment. **Thus, an insurance company must disclose even when it contests liability under the policy,** and such disclosure does not constitute a waiver of its claim. It is immaterial whether the liability is to satisfy the judgment directly or merely to indemnify or reimburse another after he pays the judgment.

USCS Fed. Rules Civ. Proc. R 26, Advisory Committee Notes, 1970 Amendment (emphasis added).

Moreover, Defendant is well aware that its obligation to disclose the information set forth in Rule 26(a)(1)(D) is automatic and in no way depends upon its adversary, or the Court, making a request or demand that such information be provided.

In light of the foregoing, it remains clear that Defendant has failed to make the insurance disclosures mandated by Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure, despite orders and warnings to do so by this Court.

## II.   DEFENDANT HAS PRESENTED NO BASIS FOR THE IMPOSITION OF SANCTIONS UPON PLAINTIFF

It is undisputed that a party seeking the imposition of sanctions against another party must show a basis for such relief. See, Memorandum of Law In Support of Plaintiff's Motion For Sanctions, pp. 6-10. See also, Mem. Opp. at pp. 1, 2.

2

Defendant cites the following two instances of conduct in support of its argument that sanctions should be imposed against Plaintiff: (1) a mistake contained in Plaintiff's counsel's Affirmation In Support of Plaintiff's Motion <u>In Limine</u>, dated April 7, 2004 (Mem. Opp., p. 4); and (2) a typographical error stating the wrong <u>month</u> on which Plaintiff's Motion for Sanctions was served (Aff. Opp., ¶2).

As Plaintiff's counsel explained in the Reply Memorandum dated May 5, 2004 submitted by Plaintiff in further support of Plaintiff's Motion <u>In Limine</u>, Plaintiff mistakenly cited the wrong paragraph of objections that Defendant made in response to Plaintiff's second request for the tape recordings at issue in Plaintiff's Motion <u>In Limine</u>. The response that Plaintiff mistakenly cited, like the response that Defendant actually made to that request, contained objections to production.

The certificate of service also mentioned by Defendant as a reason for imposing sanctions upon Plaintiff's counsel contained the wrong <u>month</u> of service, that is, it incorrectly stated that Plaintiff's Motion for Sanctions was served on <u>April</u> 7, 2004, instead of <u>May</u> 7, 2004. A new certificate of service is being submitted under separate cover to the Court and all parties.

Although each of the above are examples of poor proofreading, neither were offered to mislead the court and as illustrated herein and in Plaintiff's Motion <u>In Limine</u>, and have been readily acknowledged when

3

identified.[1]  Typographical and proofreading errors do not constitute the type of conduct for which sanctions rules were intended.  Not surprisingly, Defendant has cited no case authority indicating to the contrary.

Accordingly, Defendant's application for sanctions should be denied in its entirety.

---

[1] For example, the Reply Memorandum in Support of Plaintiff's Motion In Limine, dated May 5, 2004 ("Reply Mem."), stated as follows:

> Plaintiff wishes to call the Court's attention to Defendant's response to the second 'formal' request that Plaintiff made during discovery in this case (in October 2002) for the recordings at issue.[1]  Defendant <u>objected</u> to that request as follows:
>
>> Defendant objects to this Request on the grounds that it is unduly burdensome and seeks documents which [sic] are irrelevant and immaterial...and/or not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding, the "logs" of telephone calls consist only of the trunk number, date, time and length of conversation and cannot be reproduced".
>
> (See Aff. Opp., Exhibit E thereto, p. 6, ¶21.)
>
> Defendant's response illustrates that Defendant has been engaged in an ongoing refusal without basis to produce recordings relevant to this proceeding, and logs related thereto. Plaintiff's Motion <u>In Limine</u> quoted the incorrect response that Defendant made to this request.  Plaintiff appreciates the opportunity to correct that error, which was brought to Plaintiff's attention by Defendant in its submissions opposing Plaintiff's Motion <u>In Limine</u>.

Reply Mem., Sec. V, pp. 9-10.

4

## CONCLUSION

For the reasons stated above, and in all submissions made to the Court in support of Plaintiff's application herein, and for the reasons stated during any hearing thereon, Plaintiff respectfully requests that his Motion for Sanctions be granted in its entirety, and that Defendant's application for sanctions be denied in its entirety.

> PLAINTIFF,
> VICTOR T. CONTE
>
> BY: *(signature)*
> Elisabeth Seieroe Maurer (ct11445)
> Eva M. Puorro (ct25772)
> Law Offices of Elisabeth Seieroe
> Maurer, PC
> 871 Ethan Allen Hwy., Suite 202
> Ridgefield, CT 06877
> Phone (203) 438-1388
> Fax (203) 431-0357
> e-mail: esmaurer@snet.net

5