UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR T. CONTE, | : |
| | : |
| Plaintiff, | :  Civil Action No. |
| v. | :  3:01 CV 463 (EBB) |
| | : |
| US ALLIANCE FEDERAL CREDIT UNION, | : |
| AFFINA BROKERAGE SERVICES, INC., | : |
| ROBERT AMBROSE AND JOHN WALSH | :  June 14, 2004 |
| | : |
| Defendants | : |

**MEMORANDUM IN OPPOSITION TO
DEFENDANT US ALLIANCE'S MOTION TO VACATE / MODIFY**

Law Offices of Elisabeth Seieroe Maurer, P.C.
Attorneys for Plaintiff Victor Conte
871 Ethan Allen Highway, Suite 202
Ridgefield, Connecticut   06877
(203) 438-1388

## TABLE OF CONTENTS

|      |                                                                                                                                                                        | Page |
|------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
| I.   | DEFENDANT HAS FILED THE MOTION TO VACATE FOR AN IMPROPER PURPOSE ...................................                                                                   | 1    |
| II.  | THE COURT PROPERLY ISSUED ITS APRIL 23, 2004 ORDER PURSUANT TO ITS INHERENT AUTHORITY TO MANAGE ITS DOCKET ............................................                | 2    |
| III. | THE MOTION TO VACATE SHOULD BE DENIED DUE TO DEFENDANT'S FAILURE TO COMPLY WITH THIS COURT'S LOCAL RULES OF CIVIL PROCEDURE GOVERNING MOTION PRACTICE ................. | 3    |
| CONCLUSION................................................................................                                                                              |      | 4    |

Plaintiff Victor Conte ("Plaintiff" or "Conte") respectfully submits this memorandum in opposition to Defendant US Alliance ("Defendant")'s motion to vacate or modify (hereinafter referred to as "motion to vacate") this Court's order dated April 23, 2004, which requires that Defendant US Alliance comply with Fed. R. Civ. P. 26(a)(1)(D) mandated disclosure.

### I. DEFENDANT HAS FILED THE MOTION TO VACATE FOR AN IMPROPER PURPOSE

Defendant seeks to have this Court's April 23, 2004 order vacated and/or modified, for the most part to salvage the reputation of its counsel Martin Unger, asserting that "[I]f the Order stands as written, a review of the record in this case would suggest that US Alliance and its counsel violated the Federal Rules of Civil Procedure....and that US Alliance's counsel's conduct was both 'unruly' and disturbing to this Court". Motion to vacate, p. 2. See also, Affirmation of Martin Unger submitted in support of Defendant's motion to vacate, ¶6.

Defendant's motion to vacate is nothing more than an effort toward "damage control", that is, an attempt to clear Martin Unger's name, and to "harass...cause unnecessary delay or needless increase in the cost of litigation". See Federal Rules of Civil Procedure, Rule 11(b)(1). Defendant is well aware that Mr. Conte and his counsel, who is a very small firm, have limited financial resources. The motion to vacate has forced Mr. Conte's counsel to take valuable time away from preparing for the trial in this case. In light of the at best tangential relationship this motion to vacate has with the merits of this case, and the improper purpose for which it was filed --- to create further time pressure upon Plaintiff's counsel and impinge on the ability of Plaintiff's counsel to prepare for trial and advocate on Plaintiff's behalf -- the motion to vacate should not be

considered by this Court. If the Court determines that it will consider the motion to vacate, Plaintiff respectfully requests that the Court defer consideration of the motion to vacate until <u>after</u> trial, so the parties may concentrate their efforts on trial preparation.

## II. THE COURT PROPERLY ISSUED ITS APRIL 23, 2004 ORDER PURSUANT TO ITS INHERENT AUTHORITY TO MANAGE ITS DOCKET

Issuance of discovery orders and imposition of sanctions due to a party's failure to comply with its discovery orders, are actions that a Court is well within its discretion to take pursuant to its inherent power to manage its own affairs and docket. <u>See, Metropolitan Opera Association, Inc. v. Local 100, et al</u>. 212 F.R.D. 178 (S.D.N.Y. 2003), *citing* <u>Residential Funding Corporation v. DeGeorge Financial Corporation</u>, 306 F.3d 99, 106-107 (2d Cir. 2002); <u>see generally</u> <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 43, 115 L.ed.2d 278, 111 S. Ct. 2123 (1991) *("it has long been understood that 'certain implied powers must necessarily result to our Courts of justice from the nature of their institution', powers 'which cannot be dispensed with in a Court because they are necessary to the exercise of all others'"* (citation omitted)). <u>See also</u>, <u>New Pacific Overseas Group v. Excal International Development Corp., et al.</u>, 2000 U.S. Dist. LEXIS 4695 (2000). <u>Accord</u> <u>Young v. Gordon, et al.</u>, 330 F.3d 76, 81 (1st Cir. 2003) (*citing the "unarguable proposition that courts cannot effectively administer justice unless they are accorded the right to establish orderly processes and manage their own affairs", and stating that "[t]he authority to order sanctions in appropriate cases is a necessary component of that capability"*) *citing* <u>HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.</u>, 847 F.2d 908, 916 (1st Cir. 1988)(*remarking that "courts cannot function if litigants may, with impunity, disobey lawful orders"*).

2

This Court was well within its discretion to issue its April 23rd order.

### III.   THE MOTION TO VACATE SHOULD BE DENIED DUE TO DEFENDANT US ALLIANCE'S FAILURE TO COMPLY WITH THIS COURT'S LOCAL RULES OF CIVIL PROCEDURE GOVERNING MOTION PRACTICE

Defendant's motion to vacate should be rejected and denied also because Defendant has failed to comply with this Court's local rules governing motion practice.

Rule 7(a)(1) of this Court's Local Rules of Civil Procedure provides that "[a]ny motion involving disputes issues of law <u>shall</u> be accompanied by a written memorandum of law…Failure to submit a memorandum may be deemed sufficient cause to deny the motion". (Emphasis added). <u>See</u> Rule 7(a)(1) of the Local Rules of Civil Procedure of the United States District Court, District of Connecticut (effective January 1, 2003).

Defendant has not submitted a memorandum of law in support of its motion to vacate. Defendant's failure to submit the required memorandum of law not only illustrates Defendant's disregard of this Court's rules of practice, but also the frivolous nature of its motion to vacate. Thus, the Court would be well within its discretion under Local Rule 7(a)(1) to dismiss the motion to vacate in its entirety.

3

## CONCLUSION

For the reasons stated herein, and in all submissions made to the Court in support of Plaintiff Victor Conte's May 7, 2004 application for sanctions, and for the reasons stated during any hearing thereon, Defendant US Alliance's Motion to Vacate/Modify should not be considered by this Court. In the event this Court decides to consider the motion to vacate, for the reasons stated herein, and in all submissions made to the Court in support of Plaintiff's May 7, 2004 application for sanctions, and for the reasons stated during any hearing thereon, the Defendant's motion to vacate should be denied in its entirety.

PLAINTIFF,
VICTOR T. CONTE

BY: *(signature)*
Elisabeth Seieroe Maurer (ct11445)
Eva M. Puorro (ct25772)
Law Offices of Elisabeth Seieroe Maurer, PC
871 Ethan Allen Hwy., Suite 202
Ridgefield, CT 06877
Phone (203) 438-1388
Fax (203) 431-0357
e-mail: esmaurer@snet.net

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR T. CONTE, | |
| Plaintiff, | Civil Action No. |
| v. | 3:01 CV 463 (EBB) |
| US ALLIANCE FEDERAL CREDIT UNION, AFFINA BROKERAGE SERVICES, INC., ROBERT AMBROSE AND JOHN WALSH | June 14, 2004 |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Memorandum In Opposition to Defendant US Alliance's Motion to Vacate/Modify was sent via federal express prepaid on this 14th day of June, 2004, to the following counsel and pro se parties:

U.S. Alliance Federal Credit Union
Martin P. Unger, Esq.
Certilman Balin
90 Merrick Avenue
East Meadow, NY 11554

U.S. Alliance Federal Credit Union
Eric P. Smith, Esq.
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street
New Haven, CT 06506

U.S. Alliance Federal Credit Union
Andrew M. Zeitlin, Esq.
Shipman & Goodwin LLP
300 Atlantic Avenue
Stamford, CT 06901

_____
Eva M. Puorro