# CERTILMAN BALIN

90 MERRICK AVENUE
EAST MEADOW, NY 11554
PHONE 516.296.7000 • FAX: 516.296.7111
www.certilmanbalin.com

MARTIN P. UNGER
PARTNER
DIRECT DIAL: 516.296.7004
munger@certilmanbalin.com

April 26, 2004

**Via Federal Express**
Hon. Ellen Bree Burns, Senior Judge
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

      Re:    Case No. 3:01-cv-463
               Conte v. US Alliance Federal Credit Union

Dear Judge Burns:

      I am in receipt of your Order of April 23, 2004 accusing USAlliance of failing to provide insurance agreements as required by Rule 26(a)(1)(D). I must say I was taken aback by the tone of Your Honor's Order particularly the portion that states: "The Court will not tolerate such obstreperous conduct on the part of defense counsel." Attached hereto (without exhibits), is a copy of the "Initial Disclosure of the Defendants USAlliance Federal Credit Union and Affina Brokerage Services, Inc. [then a party], pursuant to Rule 26(a)(1)" dated June 21, 2001, timely served at that time. "D" of that document relates specifically to Subsection (a)(1)(D) of Rule 26 of the Federal Rules of Civil Procedure, the response to which states: "There are no relevant insurance agreements covering USAlliance or Affina."

      Under the circumstances, I respectfully request that Your Honor withdraw the above Order, specifically making note that defense counsel has not engaged in the "obstreperous conduct," charged by the Court. Since there are no such documents, as was disclosed in the

iManage:1554252.1

CERTILMAN BALIN ADLER & HYMAN, LLP
SUFFOLK OFFICE: 1393 VETERANS MEMORIAL HWY., SUITE 301S, HAUPPAUGE, NY 11788 • PHONE: 631.979.3000 • FAX: 631.979.7070

CERTILMAN BALIN

Initial Disclosure, dated June 21, 2001, I shall assume that further compliance with the disclosure in that regard ordered by the Court in the Order discussed herein, is not required.

                                        Respectfully,

                                        Martin P. Unger

MPU:ed
enc.
cc: Elisabeth Seieroe Maurer, Esq.
    Andrew M. Zeitlin, Esq.

iManage:1554252.1

UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

------------------------x

VICTOR T. CONTE,

        Plaintiff,

v.

US ALLIANCE FEDERAL CREDIT
UNION, AFFINA BROKERAGE
SERVICES, INC., ROBERT AMBROSE
and JOHN WALSH,

        Defendants.

------------------------x

Case No. 3:01 CV 463 (SRU)

## INITIAL DISCLOSURE OF DEFENDANTS USALLIANCE FEDERAL CREDIT UNION AND AFFINA BROKERAGE SERVICES, INC. PURSUANT TO RULE 26(a)(1)

Defendants USAlliance Federal USAlliance ("USAlliance") and Affina Brokerage Services, Inc. ("Affina"), by and through their undersigned counsel, hereby submit their initial disclosure pursuant to Rule 26(a)(1).

**A.** The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings identifying the subjects of the information.

RESPONSE:

    1.    **Victor T. Conte**, P.O. Box 6002, Erie, PA 16512; information regarding the allegations contained in his Complaint.

2. **John Walsh**, 600 Midland Avenue, Rye, NY 10580; information regarding Affina's customers and his contacts with plaintiff.

3. **Robert Ambrose**, 600 Midland Avenue, Rye, NY 10580; information regarding plaintiff's accounts and the activity therein at USAlliance as well as the basis for the decision to liquidate securities in plaintiff's Stock Secured Loan Account.

4. **Michael Brody**, 600 Midland Avenue, Rye, NY 10580; contacts with plaintiff particularly on September 8, 1998 regarding the default in plaintiff's Stock Secured Loan Account.

B. A copy of, or description by category and location of, all documents, data compilations, and tangible things that are in possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

RESPONSE:

Copies of documents in the possession, custody or control of USAlliance and/or Affina that may be used to support defendants' defenses to the complaint are annexed hereto as Exhibits A through F.

C. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying, as under Rule 34 of the Federal Rules of Civil Procedure, the documents or other evidentiary materials, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

RESPONSE:

Neither USAlliance nor Affina claim any damages.

D. For inspection and copying, as under Rule 34 of the Federal Rules of Civil Procedure, any insurance Agreement under which any person carrying on an insurance business

2

NEWYORK/112280.00601/6135964v1

may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

RESPONSE:

There are no relevant insurance agreements covering USAlliance or Affina.

Dated: New York, New York
June 21, 2001

                Defendants USAlliance Federal Credit Union and Affina Brokerage Services, Inc.

By: *Martin P. Unger* (signature)
    Martin P. Unger
    Federal Bar No. ct 22624
BLANK ROME TENZER GREENBLATT LLP
    The Chrysler Building
    405 Lexington Avenue
    New York, New York 10174
    (212) 885-5000
    and

    Frederick S. Gold
    Federal Bar No. ct 03560
    Andrew M. Zeitlin
    Federal Bar No. ct 21386
SHIPMAN & GOODWIN LLP
    One Landmark Square
    Stamford, CT 06901-2676
    (203) 324-8111

3

## CERTIFICATION OF SERVICE

  I hereby certify that a copy of the foregoing Initial Disclosure of Defendants, was mailed, via First Class U.S. mail, postage prepaid on this 21st day of June, 2001 to:

Elisabeth Seieroe Maurer, Esq.
46 Nod Hill Road
Ridgefield, CT 06877

Attorney for Victor T. Conte

Jacqueline D. Bucar, Esq.
S. Peter Sachner, Esq.
Tyler Cooper & Alcorn, LLP
205 Church Street
P.O. Box 1936
New Haven, CT 06509-1910

Attorneys for Defendants
Robert Ambrose and John Walsh

_____
Martin P. Unger, Esq.