UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR T. CONTE,<br>    Plaintiff,<br>v.<br><br>US ALLIANCE FEDERAL CREDIT UNION,<br>AFFINA BROKERAGE SERVICES, INC.,<br>ROBERT AMBROSE, and JOHN WALSH,<br>    Defendants. | Civil Action No.<br>3:01 CV 463 (EBB)<br><br>**Affirmation**<br><br>June 28, 2004 |

Elisabeth Seieroe Maurer, being duly sworn, hereby affirms under penalties of perjury:

1. I make this affirmation in support of Plaintiff Victor Conte's Motion for Sanctions seeking the Court's permission to file a sur-reply affirmation and memorandum of law, in further support of Plaintiff's Motion in Limine dated April 7, 2004 and Motion for Sanctions dated May 7, 2004. Plaintiff submitted its Motion in Limine dated April 7, 2004 on the grounds that US Alliance failed to safeguard, and destroyed / permitted to be destroyed and/or otherwise permitted to become 'unavailable', crucial tape recorded evidence of conversations between Mr. Conte and US Alliance. Plaintiff submitted its Motion for Sanctions due to US Alliance's willful, continuing failure to comply with this Court's Orders dated April 23, 2004 and April 27, 2004, and with the insurance disclosure requirements of Rule 26(a)(1)(D) of the Federal Rules of Civil Procedure.

2. On Saturday June 26, 2004, during the course of preparing for trial, I discovered that one of Defendant's proposed exhibits which is material to the

relationship between the parties was not complete and has been significantly altered. Upon further review of the pleadings in this case, I realized that the document in question, has repeatedly been submitted by Defendant to this Court in that same significantly altered form, as an exhibit to motions it has made to this Court. The document in question was also presented to Mr. Conte during his deposition in that same significantly altered form. I believe that Defendant's repeated presentation and use of this document in significantly altered form, evidences a pattern of willful misconduct by Defendant and its counsel. Thus, the details of that significant alternation and the extent to which it has been used by Defendant and its counsel in submissions to this Court is relevant to and should be considered by this Court before issuing a decision on Plaintiff's Motion in Limine dated April 7, 2004 and Motion for Sanctions dated May 7, 2004.

3.      For the foregoing reasons, Plaintiff respectfully requests permission to file a sur-reply affirmation and sur-reply memorandum of law, in further support of its previously submitted Motion in Limine dated April 7, 2004 and Motion for Sanctions dated May 7, 2004.

Dated:  June 28, 2004
        Ridgefield, Connecticut

_____
Elisabeth Seieroe Maurer (ct11445)

2