**VICTOR CONTE**
**v.**
**USALLIANCE FEDERAL CREDIT UNION**

**3:01 CV 463 (EBB)**

**VERDICT FORM**

---

QUESTION 1: Did a fiduciary relationship develop between Mr. Conte and US Alliance?

      Answer "Yes" or "No": _____

*[If the answer to Question 1 is "NO", skip Questions 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11 and proceed to Question 12.]*

QUESTION 2: Did US Alliance deal fairly with Mr. Conte in all matters between them?

      Answer "Yes" or "No": _____

*[Please proceed to Question 3.]*

QUESTION 3: Did US Alliance act for Mr. Conte's benefit in all matters between them?

      Answer "Yes" or "No": _____

*[Please proceed to Question 4.]*

QUESTION 4: Did US Alliance at all times keep Mr. Conte well informed about the status of his account and the affairs and responsibilities that US Alliance was handling on Mr. Conte's behalf?

      Answer "Yes" or "No": _____

*[Please proceed to Question 5.]*

QUESTION 5: Did US Alliance in its dealings with Mr. Conte violate the trust and confidence that Mr. Conte placed in it?

Answer "Yes" or "No": _____

*[Please proceed to Question 6.]*

QUESTION 6: Did you answer "YES" to Questions 1 AND 2?

Answer "Yes" or "No": _____

*[IF your answer to Question 6 is "YES", you have found that US Alliance breached its fiduciary duty to Conte by failing to deal fairly with all matters between US Alliance and Conte. ]*

*[Please proceed to Question 7.]*

QUESTION 7: Did you answer "YES" to Questions 1 AND 3?

Answer "Yes" or "No": _____

*[IF your answer to Question 7 is "YES", you have found that US Alliance breached its fiduciary duty to Conte by failing to act for Mr. Conte's benefit in all matters between them. ]*

*[Please proceed to Question 8.]*

QUESTION 8: Did you answer "YES" to Questions 1 AND 4?

Answer "Yes" or "No": _____

*[IF your answer to Question 8 is "YES", you have found that US Alliance breached its fiduciary duty to Conte by failing to keep Mr. Conte well informed at all times about the status of his account and the affairs and responsibilities that US Alliance was handling on Mr. Conte's behalf.]*

*[Please proceed to Question 9.]*

QUESTION 9: Did you answer "YES" to Questions 1 AND 5?

88

Answer "Yes" or "No": _____

*[IF your answer to Question 9 is "YES", you have found that US Alliance breached its fiduciary duty to Conte by violating the trust and confidence that Mr. Conte placed in it. ]*

*[Please proceed to Question 10.]*

QUESTION 10: Did you answer "YES" to ANY of the following questions: Question 6, 7, 8 OR 9?

Answer "Yes" or "No": _____

*[If your answer to Question 10 is "NO", please skip Question 11, and proceed to Question 14. If your answer to Question 10 is "YES", please proceed to Question 11.]*

QUESTION 11: If your answer to Question 10 is "YES", you have found that US Alliance breached its fiduciary duty to Conte, and your foreperson should so indicate by signing and dating in the space in this section immediately below. After your foreperson signs and dates the space in this section, you should proceed to Question 12.

**We the jury have answered "YES" to ONE OR MORE of the following Questions: Questions 6, 7, 8 OR 9. We thus find that US Alliance breached its fiduciary duty to Mr. Conte.**

_____     _____
Foreperson                                              Date


QUESTION 12: Did Mr. Conte suffer damages as a result of US Alliance's breach of fiduciary duty?

Answer "Yes" or "No": _____

*[If your answer to Question 12 is "YES", please proceed to Question 13. If your answer to Question 12 is "NO", please skip Question 13 and proceed to Question 14. ]*

QUESTION 13: Please state separately the damages suffered by Mr. Conte as a result of US Alliance's breach of fiduciary duty, and have your foreperson sign and date in the space in this section immediately below the damages list:

Lost Opportunities for Profit          $_____

Compensation, fees and
expenses paid by Conte
to US Alliance during the
period of US Alliance's
wrongful conduct                        $_____

Profits or compensation obtained
By US Alliance from Mr. Conte's
Accounts during the period of
US Alliance's wrongful conduct          $_____


_____        _____
Foreperson                     Date

*[Please proceed to Question 14.]*

QUESTION 14: Did US Alliance's conduct cause a risk of injury to Mr. Conte?

Answer "Yes" or "No": _____

*[If your answer to Question 14 is "YES", please proceed to Question 15. If your answer to Question 14 is "NO", please skip Questions 14, 15, 16 and 17 and proceed to Question 18.]*

QUESTION 15: Was the risk of injury to Mr. Conte foreseeable?

Answer "Yes" or "No": _____

*[If your answer to Question 15 is "YES", please proceed to Question 16. If your answer to Question 15 is "NO", please skip Questions 16 and 17 proceed to Question 18.]*

QUESTION 16: Was US Alliance's conduct unreasonable, that is, did US Alliance fail to exercise the skill and degree of care that others within the same industry would in the same circumstances?

    Answer "Yes" or "No": _____

*[If your answer to Question 16 is "YES", please proceed to Question 17. If your answer to Question 16 is "NO", please skip Question 17 proceed to Question 18.]*

QUESTION 17: Was injury to Mr. Conte a reasonably probable consequence of US Alliance's conduct?

    Answer "Yes" or "No": _____

*[Please proceed to Question 18.]*

QUESTION 18: Did you answer "Yes" to Questions 14, 15, 16 AND 17?

    Answer "Yes" or "No": _____

*[If your answer to Question 18 is "NO", please skip Question 19 and 20....if your answer to Question 18 is "YES", please proceed to Question 19].*

QUESTION 19: If your answer to Question 18 is "YES", you have found that US Alliance was negligent, and your foreperson should so indicate by signing and dating in the space in this section immediately below. After your foreperson signs and dates the space in this section, you should proceed to Question 20.

**We the jury have answered "YES" to Questions 14, 15, 16 AND 17. We thus find that US Alliance was negligent.**

_____    _____

Foreperson                              Date

QUESTION 20: Did Mr. Conte suffer damages as a proximate result of US Alliance's negligence?

        Answer "Yes" or "No": _____

*[If your answer to Question 20 is "YES", please proceed to Question 21. If your answer to Question 20 is "NO", please skip Question 21 and proceed to Question 22. ]*

QUESTION 21: Please state separately the damages suffered by Mr. Conte as a result of US Alliance's negligence, to the extent they are applicable.

Actual Loss   $_____

Future Loss   $_____

**Note that if you have in Question 13 awarded Mr. Conte damages on his breach of fiduciary duty claim, you may not award Mr. Conte the same damages in Question 18.**

QUESTION 22: Did you answer "NO" to Questions 12 and 20?

        Answer "Yes" or "No": _____

*[If your answer to Question 22 is "YES", you have not awarded Mr. Conte any damages in this case. You have completed your deliberations and may skip Questions 23, 24, 25 and 26.]*

*[If your answer to Question 25 is "NO", please proceed to Question 23.]*

QUESTION 23: Did you answer "YES" to Question 12?

        Answer "Yes" or "No": _____

*[If your answer to Question 23 is "YES", it means you have awarded Mr. Conte damages for his breach of fiduciary duty claim, and may now consider evidence on Mr. Conte's claim for punitive damages. Once you consider that evidence, you will answer Questions 25 and 26.]*

*[Please proceed to Question 24.]*

QUESTION 24: Did you answer "YES" to Question 20?

92

Answer "Yes" or "No": _____

*[If your answer to Question 24 is "YES", it means you awarded Mr. Conte damages for his negligence claim, and may consider evidence on his claim for punitive damages. After considering that evidence, you will Answer Questions 25 and 26. ]*

**[If your answer to Question 23 AND 24 was "NO", you have completed your deliberations and may skip Questions 25 and 26]**

QUESTION 25:  Is Plaintiff Conte entitled to punitive damages against Defendant US Alliance?

Answer "Yes" or "No": _____

*[If your answer to Question 25 is "YES", please proceed to Question 26. If your answer to Question 25 is "NO", you have completed your deliberations and should skip Question 26.]*

QUESTION 26:

(a) State the amount of punitive damages you award against defendant US Alliance on Plaintiff Conte's breach of fiduciary duty claim:

Amount:
$_____

(b) State the amount of punitive damages you award against defendant US Alliance on Plaintiff Conte's negligence claim:

Amount:
$_____

c.  <u>Defendant's Proposed Verdict Form:</u>

93

Defendant USAlliance Federal Credit Union requests this Court to give the following Verdict Form to the Jury at the commencement of its deliberations in the trial of the above-entitled action.

If developments during trial necessitate revision of this Verdict Form, defendant respectfully reserves the right to seek permission to submit a revised Verdict Form to conform to the evidence presented or rulings made.

**VICTOR CONTE**
**v.**
**USALLIANCE FEDERAL CREDIT UNION**

**3:01 CV 463 (EBB)**

**VERDICT FORM**

---

I.  **LIABILITY**

   1.   Do you find that there existed a fiduciary duty between defendant and plaintiff.

   _____NO            _____YES

If your answer to the preceding question is "NO," then your deliberations are concluded and the Foreperson should sign this form. If your answer is "YES" then you must proceed to question 2.

   2.   (a)   Was a fiduciary duty between defendant and plaintiff created because plaintiff had been a member of the defendant for about thirty (30) years at the time of the events in question in this action.

   _____NO            _____YES

94

Case 3:01-cv-00463-EBB   Document 135-4   Filed 07/07/2004   Page 9 of 15
*Joint Pretrial Memorandum*

(b) If the answer to question 2(a) is "YES," was such fiduciary duty created because over such thirty (30) year period plaintiff utilized a broad range of brokerage and banking services offered to its members by defendant.

_____NO          _____YES

(c) Was such fiduciary duty created because in 1993 when plaintiff's Stock Secured Loan Account became undercollateralized, defendant's predecessor gave plaintiff notice and worked with him over some period of time to cure the undercollateralization.

_____NO          _____YES

(d) Was such fiduciary duty created because plaintiff regularly received documents from defendant stating "demand loan – outstanding balance callable on seven (7) days' notice."

_____NO          _____YES

If your answer to any portion of question 2 is "YES" then you must proceed to questions 3 and 4.

3. Do you find that defendant breached its fiduciary duty to plaintiff by liquidating securities in plaintiff's Stock Secured Loan Account on September 10, 1998.

_____NO          _____YES

4. Do you find that the breach of duty owed by defendant to plaintiff was willful.

_____NO          _____YES

If your answer to question 3 is "YES" then you must answer the following questions relating to damages.

II. **COMPENSATORY DAMAGES**

95

1. If you find that the defendant breached its fiduciary duty to plaintiff when it liquidated certain of plaintiff's securities held by defendant as collateral for loans plaintiff took in his Stock Secured Loan Account.

    (a) Did plaintiff sustain actual damages as a result.

    _____NO            _____YES

If your answer to question 1(a) is "NO" then your deliberations are concluded and the Foreperson should sign this form.

If your answer to the preceding question is "YES," then you must proceed to question 1(b) below.

    (b) State the amount of such damage.

    Damages

    $_____

If your answer to question 1(a) is "YES" you must proceed to question 2.

2. Does plaintiff's damage include the amount of capital gains taxes paid by plaintiff on profits from the sales of those securities.

    _____NO            _____YES

If your answer to the preceding question is "YES" then you must proceed to question 3.

If your answer to the preceding question is "NO" you must proceed to question 4.

3. State the amount of the capital gains taxes included in your answer to question 1(b) above.

    Capital Gains Tax

    $_____

4. If you find that plaintiff sustained damages as set forth in the answer to question 1 above, did plaintiff fail to use reasonable efforts to mitigate his damage (mitigate means to avoid or reduce damages)?

96

_____ NO            _____YES

5. If your answer to the preceding question is "NO" then you must proceed to question 7 below.

   If your answer to the preceding question is "YES", then you must proceed to question 6 below.

6. State the amount by which damages would have been mitigated or reduced.

   $

7. If your answer to question 4 is "NO", enter the amount from your answer to question 1 above, below.

   If your answer to question 4 is "YES" subtract the amount set forth in your answer to question 6 above from the amount set forth in your answer to question 1(b) above and enter the answer below.

   Compensatory Damages

   $_____

**Your deliberations are concluded and the Foreperson should sign this form.**

_____
Foreperson

14. <u>Anticipated Evidentiary Problems</u>

   a. <u>Plaintiff Conte Anticipated Evidentiary Problems:</u> <u>See</u> Plaintiff Conte's Motions In Limine dated April 7, 2004 and July 2, 2004. <u>See also</u> Plaintiff Conte's objections to Defendant's proposed exhibits, contained in Section 11 above.

97

b. <u>Defendant US Alliance's Anticipated Evidentiary Problems:</u>

1. Whether tape recordings on September 10, 1998 and September 11, 1998 of conversations between personnel at USAlliance and Conte are business records admissible into evidence.

2. Whether tape recordings on September 10, 1998 and September 11, 1998 of conversations between personnel at USAlliance and Conte are admissions admissible into evidence.

3. Whether properly authenticated tape recordings are admissible evidence.

4. Whether in light of the Secured Loan Application at bar, custom and practice in the securities or banking industries in connection with liquidation of collateral pledged for loans is material and relevant evidence.

5. Whether in light of the Stock Secured Loan Agreement at bar, custom and practice in the securities or banking industries in connection with liquidation of collateral pledged for loans is material and relevant evidence.

6. Whether testimony and evidence of capital gains taxes paid on the profit from those securities liquidated by USAlliance on September 10, 1998 is relevant and material evidence.

7. Whether evidence of capital gains taxes resulting from the sale of securities ordered by Conte on September 10 and September 11, 1998 is relevant and material evidence.

8. Whether naked testimony regarding Conte's assumptions or understandings, but as to which he took no action, is admissible evidence.

9. Whether the Court may take judicial notice of stock prices for securities listed on a national securities exchange or on the Nasdaq Stock Market for September 10, 1998.

10. Whether evidence of prices on September 10 or September 11, 1998 of securities sold either by USAlliance or by Conte on September 10 or September 11, 1998, is admissible as public record.

11. Whether Conte may present evidence concerning damages for securities sold by him after September 10, 1998.

98

12. Whether the undisputed fact that Conte maintained funds at USAlliance in money market accounts and in an IRA, but made no attempt to utilize funds in those accounts to assist in curing the undercollateralization in Conte's Stock Secured Loan Account, is admissible to support Conte's breach of fiduciary duty and negligence claims that such funds <u>could</u> have been used to cure the undercollateralization in his Stock Secured Loan Account.

13. Whether, assuming Conte had credit lines and other assets outside of USAlliance, but took no action to liquidate or otherwise utilize them, borrow funds, or pledge any of such assets as additional collateral to USAlliance, the fact that Conte has such assets is material and relevant evidence.

14. Whether Conte's naked impression that he would be given seven (7) days to cover any undercollateralization in his Stock Secured Loan Account is admissible evidence.

15. Whether, based on one prior event approximately five years previous, Conte's assumption that he would be given seven (7) days to cure any undercollateralization in his Stock Secured Loan Account is admissible evidence.

16. Whether, assuming Conte advised USAlliance he wanted to reactivate his home equity loan and to use the proceeds to cure the undercollateralization in his Stock Secured Loan Account, but took no action in furtherance thereof, is admissible evidence.

15. <u>Proposed Findings and Conclusions</u> (not applicable; for non-jury cases only).

16. <u>Trial Time</u>  The parties anticipate that the trial will take approximately eight (8) days total.

17. **FURTHER PROCEEDINGS**

   a. <u>Plaintiff Conte:</u>  Plaintiff Conte does not anticipate at this time the need for any further formal court proceedings before trial.  Plaintiff Conte's Motions In Limine dated April 7, 2004, and July 2, 2004, Motion for Permission to file a Sur-Reply dated

99

June 28, 2004, and Motion for Sanctions dated May 7, 2004 are pending with the Court. Plaintiff Conte has not requested oral argument on those motions.

    b.    <u>Defendant US Alliance</u>:  None anticipated.

18.  **ELECTION TO TRIAL BY MAGISTRATE**

The parties have not agreed to trial by magistrate.

PLAINTIFF,
VICTOR T. CONTE

BY: _____
Elisabeth Seieroe Maurer (ct11445)
Eva M. Puorro (ct25772)
Law Offices of Elisabeth Seieroe Maurer, PC
871 Ethan Allen Hwy., Suite 202
Ridgefield, CT 06877
Phone (203) 438-1388
Fax (203) 431-0357
e-mail: esmaurer@snet.net

101