UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
_____X

VICTOR T. CONTE,

                         Plaintiff,

   v.

US ALLIANCE FEDERAL CREDIT UNION,
AFFINA BROKERAGE SERVICES, INC.,
ROBERT AMBROSE and JOHN WALSH,

                         Defendants.
_____X

FILED
JUL 12  1 12 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

Civil Action No.
3:01 CV 463 (EBB)

OPPOSITION AFFIDAVIT OF
MARTIN P. UNGER

July 8, 2004

STATE OF NEW YORK  )
                          ) ss.:
COUNTY OF NASSAU  )

      MARTIN P. UNGER, being duly sworn, deposes and says:

      1.    I am a member of Certilman Balin Adler & Hyman, LLP, one of the counsel for USAlliance Federal Credit Union ("USAlliance") in the above-captioned action. I submit this affidavit in opposition to plaintiff's motion for permission to file sur-reply affirmations and sur-reply memoranda of law in further support of plaintiff's motions in limine and for sanctions already sub judice. How plaintiff proposes to accomplish this with respect to motions already submitted to the Court and awaiting decision and only a few days before jury selection is not explained.

      2.    The basis for plaintiff's motion is plaintiff's counsel's vague claim that on June 26 she "discovered that one of Defendant's proposed exhibits which is material to the relationship between the parties was not complete and has been significantly altered." Why

plaintiff picks June 26 is a mystery since plaintiff was in receipt of US Alliance's proposed exhibit list on June 7, 2004; and virtually all of such exhibits were produced and marked as deposition exhibits as well during pre-trial discovery. Moreover, why plaintiff is obviously intentionally vague regarding the specifics of the claimed significant alteration also remains unexplained. Thus, not only is the motion untimely but, in all events, plaintiff's counsel has not provided the Court with a basis on which plaintiff's instant motion should be considered, let alone granted. Rather, the motion should be denied in all respects.

3.      However, and despite the foregoing, were the Court to grant plaintiff's motion and permit additional "claims," in all likelihood as outrageous and misplaced as the ones awaiting decision, then I specifically request the Court provide USAlliance time to respond. In the order of things, therefore, were plaintiff's instant motion granted, the secret claim alluded to by plaintiff's counsel will be litigated long after the conclusion of the trial.

4.      For all of the foregoing reasons, plaintiff's instant motion should be denied. However, if the motion is granted, USAlliance requests that the court give USAlliance at last fourteen (14) days to respond; provided, however, that if such days infringe upon the days at trial, trial days not be counted in that fourteen day period.

_____
Martin P. Unger

Sworn to before me this
8th day of July, 2004.

_____
Notary Public

DALE ALLINSON
Notary Public, State of New York
No. 30-4755683
Qualified in Nassau County
Commission Expires January 31, 20_06_

iManage:1579725.1