UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VICTOR T. CONTE, Plaintiff, v. | : | Civil Action No. 3:01 CV 463 (EBB) |
| US ALLIANCE FEDERAL CREDIT UNION, AFFINA BROKERAGE SERVICES, INC., ROBERT AMBROSE, and JOHN WALSH, Defendants. | : | July 12, 2004 |

# PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTIONS

## I. Defendant Failed to Include Citations or Otherwise Establish Basis for Most of Its Proposed Jury Instructions

As indicated in the parties' Joint Pretrial Memorandum, Mr. Conte objects to Defendant US Alliance's jury instructions, as the vast majority of Defendant's proposed jury instructions do not contain citations to legal authority or any other authority.[1] Therefore, Plaintiff respectfully requests that those sections (listed in note 1 on the bottom of this page) be disregarded.

[1] The following sections of Defendant's proposed charge do not contain citation to any supporting authority and as such should be disregarded on that basis: Introductory paragraph; "Role of the Court"; "Juror Attentiveness"; Role of the Jury"; "Conduct of Counsel"; "Nature of the Case"; "Plaintiff's Claims"; "US Alliance's Claims"; "Stipulations"; "Depositions"; "Direct and Circumstantial Evidence"; "Preponderance of the Evidence"; "Charts and Summaries"; "Credibility of Witnesses"; "Interested Witnesses"; "Proximate Cause – In General"; "Consider Damages Only If Necessary"; "Mitigating [sic] of Damages"; "Closing Comment".

## II. Additional Objections -- By Section Name

The following list contains Mr. Conte's additional objections to Defendant's proposed jury instructions, listed under the section names used by Defendant therein.

### A. "Partial Summary Judgment"

As indicated in the Joint Pretrial Memorandum submitted to this Court, Mr. Conte objects to this section of Defendant's proposed jury instructions on the grounds that it improperly represents that the Court determined certain facts in its rulings on Defendant's summary judgment motions.

### B. "Conclusively Decided Facts"

Defendant cites Federal Rule of Evidence "102(g)" in support of its assertion that the jury "must accept the following facts [listed] as true". We could not find any such Federal Rule of Evidence.

As Mr. Conte indicated in the parties' Joint Pretrial Memorandum, Mr. Conte objects to Defendant's allegation that the Court determined in its partial summary judgment decisions that certain facts "have been conclusively established". The Court reminded the parties during those rulings that when deciding a summary judgment motions, "*the district court's role is not to resolve disputed issues of fact itself, but rather to see if there are issues of fact to be resolved by the fact-finder at trial*" (citation omitted). See Court's Amended Ruling on Defendant's Motion for Summary Judgment, March 11, 2004, at p. 10.

The Court in its rulings repeatedly reminded the parties that its rulings were not to resolve issues of fact but rather to find whether disputed issues of fact exist. For example, the Court stated: "*the issue before the Court is...whether..[Plaintiff]...has pled sufficient fact that may support a finding that such a duty existed between the parties, a fact specific inquiry reserved for a jury*" (citations omitted). Id., at 12. The Court found that "*[b]ecause there are issues of material fact with respect to whether a fiduciary relationship existed between US Alliance and Conte, we cannot find, as a matter of law, that US Alliance did not owe any duty of care to Conte independent of their contractual relationship*", and that "[*w]hether US Alliance owed a duty to employ reasonable care in the handling of Conte's Stock Secured Loan Account, and whether US Alliance breached that duty in the manner it liquidated his stocks, are factual questions appropriately left to the jury*" . Id. at 19. Mr. Conte thus objects to the section of Defendant's proposed jury instructions titled "conclusively decided facts" in its entirety, as it misstates the Court's rulings on Defendant's summary judgment motions.

C. "Claim for Breach of Fiduciary Duty"

This section presents an inaccurate and incomplete description of the elements of Mr. Conte's breach of fiduciary duty claim. Mr. Conte respectfully refers the Court to pages 19 through 25 of Mr. Conte's proposed jury instructions for a complete description of the law applicable to Mr. Conte's breach of fiduciary duty claim, and the details of the manner in which Mr. Conte alleges a fiduciary

relationship developed in this case, and the manner in which Defendant breached its fiduciary duty to Mr. Conte.

This section fails to present an complete statement of the circumstances under which a banking relationship may give rise to a fiduciary relationship under Scott v. Dime Savings Bank, FSB, 886 F. Supp. 1073 (S.D.N.Y. 1995), *aff'd*, 101 F.2d 107 (2d Cir. 1996) and other authorities. For a description of the circumstances under which a fiduciary relationship may develop in a banking context, Mr. Conte respectfully refers the Court to pages 19 through 25 of Mr. Conte's proposed jury instructions, which cites the Scott case, tracks the jury charge used in Scott, and cites to this Court's rulings. A copy of the transcript of the jury charge used in the Scott case is also being sent to this Court, for its convenience.

Defendant also fails in this section to set forth and describe elements necessary to prove a breach of fiduciary duty claim. For a description of the elements that must be established to prove a breach of fiduciary duty claim, Mr. Conte respectfully refers the Court to page 19 of Mr. Conte's proposed jury instructions, which contains a list of those elements, and pages 19 through 22, which contains a detailed description of what must be proven under each of those elements.

The first paragraph of this section is incomplete and inaccurate. Defendant states in that paragraph that a "securities broker does not in the ordinary course of business owe a fiduciary duty to a customer, i.e., a purchaser or seller of securities". Defendant fails to acknowledge, as this Court did in its

ruling on Defendant's Motion for Summary Judgment, that "under various factual circumstances, a fiduciary relationship can arise within an investment banking context".[2]

The second paragraph of this section also contains an incomplete and inaccurate description of the particular circumstances under which fiduciary relationship may arise between a bank and its customer. Defendant states in this paragraph that a lender-borrower "contractual relationship" does not give rise to a fiduciary obligation between the lender-borrower. Defendant fails to acknowledge that, as stated in further detail in Mr. Conte's proposed jury instructions, that a written agreement or contract between a bank and its customer may give rise to a fiduciary relationship, regardless of any specific words or language contained in that agreement.[3]

The latter portion of the second paragraph of this section contains the following conclusory assertions for which no legal authority is cited:

> Nor is the mere communication of confidential information sufficient in and of itself to create a fiduciary relationship between a bank (here a federal credit union, US Alliance) and its customers. At the same time, however, it is not mandatory that a fiduciary relationship be formalized in writing, and any inquiry into whether such obligation exists is necessarily fact specific to the particular case.

---

[2] See this Court's Amended Ruling on Defendant's Motion for Summary Judgment, at 12 (citing Richardson Greenshields Sec., Inc. v. Mui-Hin Lau, 693 F. Supp. 1445, 1456 (S.D.N.Y. 1998), and citing BNY Capital Markets, Inc. v. Moltech Corp., No. 99 Civ 11754, 2001 WL 262675, at *7 (S.D.N.Y. March 14, 2001). See also, Davantis v. PaineWebber Incorporated, 2001 N.Y. Misc. LEXIS 536, at *4-5, (acknowledging that a fiduciary relationship may develop between a broker and his client) cited by Defendant in paragraph 1 of its proposed charge on "Claim of Breach of Fiduciary Duty".

[3] See Plaintiff's proposed jury instructions at p. 22, first full paragraph, and note 78 citing this Court's Opinion on Defendant's Motion for Summary Judgment.

Mr. Conte thus requests that the Court disregard this portion of Defendant's proposed charge, and respectfully refers the Court to Mr. Conte's proposed jury instructions for instructions on this topic.

The third and fourth paragraphs of this section contain an incomplete and inaccurate description of the rationale for the Court's holding in Scott. Mr. Conte respectfully refers this Court to Mr. Conte's proposed jury instructions, pages 19 through 25, and this Court's Rulings on Defendant's Summary Judgment Motions, for a description and explanation of the Scott court's rationale. Mr. Conte also respectfully refers this Court to the transcript of the jury charge used by the Court in Scott, which is attached hereto for the Court's convenience.

The fifth paragraph[4] in this section contains an incomplete statement of the duties owed by a fiduciary. Mr. Conte respectfully refers the Court to pages 20 (first full paragraph) and 25 (first full paragraph) of Mr. Conte's proposed jury instructions for a description of the duties owed by a fiduciary to its principal.

The sixth and eighth paragraphs of this section contain an incomplete and inaccurate description of Mr. Conte's breach of fiduciary duty claim. For a complete description of Mr. Conte's allegations of how a fiduciary relationship developed between Mr. Conte and Defendant, Mr. Conte respectfully refers the Court to pages 22 through 24[5] of Mr. Conte's proposed jury instructions.

---

[4] The fifth paragraph of Defendant's proposed charge on Plaintiff's "Claim for Breach of Fiduciary Duty", begins as follows: "A party who is found to have a fiduciary duty...".

[5] See Plaintiff's proposed jury instructions, page 22, bottom paragraph (which concludes in the middle of page 23). See also, Plaintiff's proposed jury instructions, page 23, bottom paragraph

The eighth through tenth paragraphs of this section do not contain cites to any supporting authority(ies), and thus should be disregarded.

The last paragraph[6] [the tenth paragraph] of Defendant's proposed breach of fiduciary duty charge is objectionable for other reasons. First, the language in this paragraph is confusing and unclear. Specifically, this paragraph instructs the jury to "proceed no further" if the jury makes certain conclusions. It gives the jury the inaccurate impression that it need not proceed any further if it reaches certain conclusions, even though there are further issues that still need to be deliberated. Second, Plaintiff can find no legal authority in support of Defendant's claim that Mr. Conte must prove that the "breach [of fiduciary duty] was a substantial factor in causing Plaintiff to sustain damages", and that "[I]f you find that it was a substantial factor in causing Plaintiff to sustain damages, you must then decide the amount of damages plaintiff sustained". (Moreover, Defendant cites no legal authority in support of these allegations). Plaintiff believes that a "substantial factor test" is only properly considered by the jury in this case, when it is deliberating the third element of Mr. Conte's negligence claim, as described on page 28 of Mr. Conte's proposed jury instructions.[7]

---

(which concludes in the middle of page 24). See also, id, notes 81, 85, 86, 87 and 88 (citing Plaintiff's Complaint herein).

[6] This paragraph begins as follows "If you find that a fiduciary relationship did not exist…".
[7] Page 28 of Plaintiff's proposed jury instructions discusses the third element of negligence, i.e, proximate cause and states that "[a]n act or omission is the proximate cause of any loss if it was a substantial factor in bringing about the loss….".

D. "Fiduciary Obligations Based on Time"

This paragraph contains an incomplete and inaccurate description of Mr. Conte's breach of fiduciary duty claim. For a complete description of Mr. Conte's allegations of how a fiduciary relationship developed between Mr. Conte and Defendant, Mr. Conte respectfully refers the Court to pages 22 through 24[8] of Plaintiff's proposed jury instructions.

E. "Claim for Negligence"

The first two sentences in this section do not contain citations to supporting legal authority(ies), and, as such, should be disregarded.

This section also fails to describe in detail what must be proven to establish the elements of negligence.

F. "Proximate Cause – In General"

No legal authority or other supporting authority is cited in this section. As such, Plaintiff requests that it be disregarded.

G. "Custom – Course of Dealing"

The section (see e.g., second and third paragraph) presents an inaccurate description of Mr. Conte's breach of fiduciary duty claim. For a complete description of Mr. Conte's allegations of how a fiduciary relationship developed

[8] See Plaintiff's proposed jury instructions, page 22, bottom paragraph (which concludes in the middle of page 23). See also, Plaintiff's proposed jury instructions, page 23, bottom paragraph (which concludes in the middle of page 24). See also, id, notes 81, 85, 86, 87 and 88 (citing Plaintiff's Complaint herein).

between Mr. Conte and Defendant, Mr. Conte respectfully refers the Court to pages 22 through 24[9] of Mr. Conte's proposed jury instructions.

Contrary to what Defendant implies, Mr. Conte's breach of fiduciary duty claims are not based on "one incident on its own". Thus, the Fleet Capital and General Motors cases cited by Defendant in this section are inapplicable.

The Fleet Capital case is also completely distinguishable to this proceeding, because that case involved claims of conversion and breach of contract, not breach of fiduciary duty or negligence. Similarly, the General Motors case cited by Defendant in this section is completely distinguishable, because it involved a claim of breach of assignment of a contract, not breach of fiduciary duty or negligence.

H. "Margin Requirements Are Primarily for the Protection of the Broker"

This section should be disregarded on the grounds that the only legal authority cited therein is a 29 year-old case from the 4th Circuit Federal Court.

I. No Prior Notice

This section is inapplicable to this case. At issue in the Marine Midland case cited in this section was whether a bank's stock sale was "commercially reasonable" under the Uniform Commercial Code. Similarly, at issue in the Bankers' Trust case cited in this section, is whether a bank's bond sale was

[9] See Plaintiff's proposed jury instructions, page 22, bottom paragraph (which concludes in the middle of page 23). See also, Plaintiff's proposed jury instructions, page 23, bottom paragraph (which concludes in the middle of page 24). See also, id, notes 81, 85, 86, 87 and 88 (citing Plaintiff's Complaint herein).

"commercially reasonable" under the Uniform Commercial Code. Neither of these cases concerns claims of breach of fiduciary duty or negligence. The Marine Midland case is also distinguishable because "[n]o provision of law or contractual provision between the parties required the plaintiff [bank] to give the defendant any prior notice of the sale of the pledges stock". See Marine Midland Bank-Rochester v. Vaeth, 88 Misc. 2d 657, 659, 388 N.Y.S.2d 548, 550 (Sup. Ct., Monroe Co., 1976). Unlike Marine Midland, US Alliance was clearly required to give Mr. Conte notice before liquidating his account. The Bankers' Trust case is distinguishable in that it involved a debtor and creditor who were both professionals in the financial / banking industry. See Bankers Trust v. J.V. Downer & Co., Inc., 47 N.Y. 2d 128, 134, 417 N.Y.S.2d 47, 51 (1979).

J.  Damages – Measure of Damages

The vast majority of this section, except for the second to last paragraph, does not contain citations to supporting legal authority(ies) or other authority(ies), and as such should be disregarded.

Moreover, this section incorrectly describes the law applicable to the calculation of damages in this case. Mr. Conte respectfully refers the Court to pages 28 through 30 of Mr. Conte's proposed jury instructions for a discussion on the applicable standards for calculating damages in this case.

The one case cited by Defendant in this section, Cauble v. Mabon Nugent & Co., 594 F. Supp. 985 (S.D.N.Y. 1984) contains a discussion on the proper measure of damages for Cauble's state claims of negligence and gross

negligence arising from a commodities broker's unauthorized and wrongful liquidation of commodities contracts and close out of the plaintiff's commodities account. The Cauble case is distinguishable for several reasons.

First, Cauble did not involve a claim of breach of fiduciary duty, and as such contains no discussion of the proper measure of damages for that claim.

Moreover, unlike here, Cauble involved liquidation and the wrongful closing of a commodities account. The Court in Cauble thus indicated that damages would be calculated between the time Cauble's account was wrongfully closed, through the time he opened a new account. Id. at 996-997. Moreover, the Court shortened the period of time for which Cauble could recover damages because Cauble failed to proffer any evidence that the Defendant was the proximate cause of the damages he experienced during that entire period of time. Id. at 996. The Court noted, for example, that Cauble failed to present any evidence that he made diligent efforts to open a new account during that period of time. Id. Because the Court believed that Cauble would have been able to open a new account within two trading days, it used that time frame to measure damages. Id.

Cauble does not support Defendant's claim that Mr. Conte's damages should be measured during a one trading day period.

PLAINTIFF,
VICTOR T. CONTE

BY: ______________________________

Elisabeth Seieroe Maurer (ct11445)
Eva M. Puorro (ct25772)
Law Offices of Elisabeth Seieroe Maurer, PC
871 Ethan Allen Hwy., Suite 202
Ridgefield, CT 06877
Phone (203) 438-1388
Fax (203) 431-0357
e-mail: esmaurer@snet.net

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **VICTOR T. CONTE,** | : | |
| **Plaintiff,** | : | **Civil Action No.** |
| **v.** | : | **3:01 CV 463 (EBB)** |
| **US ALLIANCE FEDERAL CREDIT UNION, AFFINA BROKERAGE SERVICES, INC., ROBERT AMBROSE AND JOHN WALSH** | : | **July 12, 2004** |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of Plaintiff Conte's Objections to Defendant's Proposed Jury Instructions was sent via Federal Express postage prepaid on this 12th day of July 2004 to the following counsel and pro se parties:

U.S. Alliance Federal Credit Union
Martin P. Unger, Esq.
Certilman Balin
90 Merrick Avenue
East Meadow, NY 11554

U.S. Alliance Federal Credit Union
Eric P. Smith, Esq.
Lynch, Traub, Keefe and Errante, P.C.
52 Trumbull Street
New Haven, CT 06506

Eva M. Puorro