opp

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
JUL 19 1 35 PM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN

VICTOR T. CONTE,

Plaintiff,

v.

US ALLIANCE FEDERAL CREDIT UNION, AFFINA BROKERAGE SERVICES, INC., ROBERT AMBROSE and JOHN WALSH,

Defendants.

Civil Action No.
3:01 CV 463 (EBB)

OPPOSITION TO SUR-REPLY AFFIRMATION

July 14, 2004

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

MARTIN P. UNGER, being duly sworn, deposes and says:

1. I am a member of Certilman Balin Adler & Hyman, LLP, one of the counsel for USAlliance Federal Credit Union ("USAlliance") in the above-captioned action. I submit this affidavit in opposition to the Sur-Reply Affirmation of Elisabeth Seieroe Maurer, dated July 9, 2004 (the "Maurer Affirmation"). Nothing in the Maurer Affirmation supports plaintiff's motion in limine dated April 7, 2004 nor plaintiff's motion for sanctions dated May 7, 2004. Indeed, similar to what we noted in USAlliance's Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions and in Support of Defendant's Application for Sanctions, dated May 26, 2004, plaintiff's counsel continues in her sur-reply affirmation to "so multipl[y] the proceedings in [this] case unreasonably and vexatiously," that denial of the instant additional application is warranted, and, in addition, sanctions should be imposed on plaintiff's counsel.

2. In the Maurer Affirmation, plaintiff's counsel continues to make frivolous claims. She now claims that defendant's counsel has "repeatedly presented" a "significantly altered" document *i.e.*, the Member Agreement Governing Security Transactions, a document that, in all likelihood, will not be admitted into evidence in this case because there is no evidence whatsoever that plaintiff executed or is a party to that agreement. As evidence of the alleged "significant alteration," plaintiff's counsel presents the complete agreement produced by USAlliance and marked Defendant's Deposition Exhibit 7B (Maurer Affirmation, Exhibit A), but seems to argue that USAlliance did not produce that agreement as it appears in the document entitled "Brokerage Services" which is annexed to the Maurer Affirmation as Exhibit B. The difference is that other material contained on Exhibit B is not on the version produced by USAlliance.

3. Significantly, plaintiff's counsel omits any claim or allegation that the brochure to which she makes reference (Exhibit B to the Maurer Affirmation) was in USAlliance's possession, custody or control at the time of pre-trial discovery in this action; nor could she.

4. In fact, I have been advised by USAlliance that they do not have that brochure. Rather, the document produced during pre-trial discovery (Exhibit A to the Maurer Affirmation) is the identical agreement but comes from another source – a Credit Union Member Handbook; not from the brochure. In short, USAlliance produced what was in its possession, custody or control. It could do no better.

5. What is more astounding is that plaintiff's counsel admits that the document attached as Exhibit B to the Maurer Affirmation, was delivered to her by plaintiff, Mr. Conte. Plaintiff's counsel does not explain, however, why this document, which she apparently believes

is so significant and material, was not produced by plaintiff as part of the Initial Disclosure required by Rule 26, or subsequently. If anything, therefore, sanctions for plaintiff's willful failure to make production of, apparently according to plaintiff's counsel, an extremely material document should be imposed on plaintiff and his counsel.

6. In essence then, as has been the history throughout this litigation, plaintiff's counsel, having nothing to say about the merit of (indeed lack of merit to) plaintiff's case, chooses instead to tilt at windmills in the hope the Court will not realize what is going on. In my view, plaintiff's counsel's conduct is unseemly, frivolous and calculated solely to confuse the Court and this case. Accordingly, the severest sanctions against plaintiff's counsel are warranted.

7. For all the foregoing reasons, and for the reasons set forth in USAlliance's opposition to plaintiff's motion in limine dated April 7, 2004and to plaintiff's motion for sanctions dated May 7, 2004, plaintiff's motions should be denied and USAlliance's application for sanctions granted in all respects.

Martin P. Unger

Sworn to before me this
14th day of July, 2004.

Notary Public

REBECCA BELVEDERE
Notary Public, State of New York
No. 5053371
Qualified in Nassau County
Commission Expires December 18, 2005

iManage:1584476.1

CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing OPPOSITION TO SUR-REPLY AFFIRMATION was served via Federal Express on July 14, 2004:

Elisabeth Seieroe Maurer, Esq.
871 Ethan Allen Highway, Suite 202
Ridgefield, CT 06877

Attorney for Victor T. Conte

Martin P. Unger, Esq.