United States District Court
District of Connecticut
FILED AT       NEW HAVEN

7/27/04 ......20
Kevin F. Rowe, Clerk
By_____
Deputy Clerk

LAW OFFICES OF
ELISABETH SEIEROE MAURER, PC

871 ETHAN ALLEN HIGHWAY, SUITE 202
RIDGEFIELD, CT 06877

TEL: 203-438-1388
FAX: 203-431-0357
e-mail: esmaurer@esmlaw.net

ELISABETH SEIEROE MAURER: CT, NY, IL
EVA M. PUORRO: CT, NY, NJ

DANIEL P. HUNSBERGER
Of Counsel

Paralegals
GLORIA A. STEARNS
RITA L. CONCEPCION

July 26, 2004

Honorable Ellen Bree Burns
United States District Court Senior Judge
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

RE:   Victor T. Conte v. US Alliance Federal Credit Union, et al.
      Civil Case No. 301 CV-463 (EBB)

Dear Judge Burns:

We are writing pursuant to Your Honor's instructions at trial today, to submit the following case authorities that set forth time periods for which breach of fiduciary duty damages have been awarded:

(a)   105 East Second Street Associates v. Bobrow, et al., 175 A.D.2d 746, 573 N.Y.S.2d 503 (1st Dep't 1991) (Confirmed that measure of damages for breach of fiduciary duty is the amount of loss, including lost opportunities for profit by reason of fiduciary's conduct. Held that plaintiff general partner is entitled to damages for the diminution in value of properties at issue over a ten month period, and that marketability of such properties should not have deprived plaintiff of such damages);

(b)   Wolf v. Rand, 258 A.D.2d 401 (1st Dep't 1999) (Upheld lower court's award of lost profits over a five year period, which occurred as a result of defendant shareholders' and defendant corporation's breach of fiduciary duty);

(c)   Duane Jones Company, Inc. v. Frank Burke, Jr., et al., 306 N.Y. 172 (1954) (Held that Plaintiff corporation may recover the amount of loss it sustained, including opportunities for profit lost by reason of Defendants'

Honorable Ellen Bree Burns
United States District Court Senior Judge
United States District Court
District of Connecticut
July 26, 2004
Page 2 of 2

        conduct, and <u>measured such loss through the date of trial</u>. Defendants committed such wrong in violation of the fiduciary duties they owed to the Plaintiff corporation);

(d)   <u>AIA Holdings, S.S. v. Lehman Brothers, Inc. and Bear Stearns & Co., Inc.</u>, 2002 U.S. Dist LEXIS 10848 (2002) (Held that Plaintiff investors entitled to recover on their claims for breach of fiduciary duty, the lost profits that they would have made on investments in US Treasury bills that their broker promised to make during their relationship from <u>1988 through 1995</u>);

(e)   <u>American Federal Group, Ltd. V. Barnett Rothenberg</u>, 2003 U.S. Dist. LEXIS 18353 (2003) (Held that Plaintiff entitled to recover lost profits in the form of revenue lost for <u>one year period</u>, which was caused by Defendant's breach of fiduciary duty to plaintiff); and

(f)   <u>Friedman, Clark & Shaprio, Inc., et. al. v. Greenberg</u>, 2001 Tex. App. LEXIS 6525 (2001) (Upheld jury's damages award for breach of fiduciary duty, which covered lost profits from a <u>one year period</u>).

Respectfully Submitted,
Law Offices of Elisabeth Seieroe Maurer, PC

Elisabeth Seieroe Maurer

BY FACSIMILE #203-773-2148

cc: Martin P. Unger, Esq. BY FACSIMILE
    Eric P. Smith, Esq. BY FACSIMILE