LAW OFFICES OF
**ELISABETH SEIEROE MAURER, PC**

871 ETHAN ALLEN HIGHWAY, SUITE 202
RIDGEFIELD, CT 06877

TEL: 203-438-1388
FAX: 203-431-0357
e-mail: esmaurer@esmlaw.net

ELISABETH SEIEROE MAURER: CT, NY, IL
EVA M. PUORRO: CT, NY, NJ

DANIEL P. HUNSBERGER
Of Counsel

Paralegals
GLORIA A. STEARNS
RITA L. CONCEPCION

July 27, 2004

United States District Court
District of Connecticut
FILED AT   NEW HAVEN
7/28        20 04
Kevin F. Rowe, Clerk
By: B. Rodko
    Deputy Clerk

Honorable Ellen Bree Burns
United States District Court Senior Judge
United States District Court
District of Connecticut
141 Church Street
New Haven, CT 06510

RE:  Victor T. Conte v. US Alliance Federal Credit Union, et al.
     Civil Case No. 301 CV-463 (EBB)

Dear Judge Burns:

We are writing to respectfully request reconsideration of a decision issued by Your Honor today, regarding the proper measure of damages for plaintiff's breach of fiduciary duty claims.

Your Honor advised us today that based on the decisions in Cauble v. Mabon Nugent & Co., 594 F. Supp. 985 (S.D.N.Y. 1984) and Katara v. D.E. Jones Commodities, Inc. et ano., 835 F.2d 966 (1987), the jury would be instructed to measure Mr. Conte's damages by the additional amount that would be required to repurchase the stocks sold by the Credit Union on September 10, 1998. You indicated further that such amount would be measured by subtracting the difference between the liquidation price of those stocks and the highest price reached by those stocks during a "reasonable period of time", which period you indicated would be a maximum of three weeks after the September 10, 1998 sale date.

As indicated during trial today and yesterday, Plaintiff respectfully disagrees with Your Honor's decision because (1) the case authorities relied upon as a basis for Your Honor's decision are factually distinguishable and inapplicable; and (2) New York law clearly states that the proper measure of damages for breach of fiduciary

Honorable Ellen Bree Burns
United States District Court Senior Judge
United States District Court
District of Connecticut
July 27, 2004
Page 2 of 5

duty is compensation for profit opportunities lost, plus any compensation, fees and expenses that Plaintiff paid to the Defendant during the period of wrongful conduct.

The Cauble and Katara cases cited by Your Honor as the basis for this decision are factually distinguishable and completely inapplicable to this proceeding. First, neither Cauble nor Katara involves a breach of fiduciary duty claim. As such, neither case can be used as proper precedent for determining the proper measure of damages for Mr. Conte's breach of fiduciary duty claim.

Moreover, both Cauble and Katara involved analysis of damages experienced in the context of commodities options, which have value only for a limited, specific time period. An "option" is a "contract made for consideration to keep an offer open for a prescribed period". ". Henry Campbell Black, et al., Black's Law Dictionary, 1094 (West Publishing Co., 6th ed. 1990). A "commodity option", which is the specific type of option involved in the Cauble and Katara cases, is a "right that is purchased by the option holder entitling him either to buy from...or sell...at a stated price and within a stated time an underlying physical commodity (such as a specific quantity of gold, a train carload of coffee, etc.) or a commodities futures contract relating to that commodity. Id. (Emphasis added). The period during which an option may be exercised is specified in the contract. Id.

The option investments at issue in Cauble and Katara, therefore, have a limited life in that the period during which they may be exercised is specified in the option contract. In other words, these options investments, unlike the stocks at issue here, have a very limited value based on the limited time specified in the option contracts. Once that time period expires, the options lose any value forever. Stocks on the other hand, have value for as long as they exist, and do not 'expire'. Therefore, unlike options, stocks have value for as long as they exist, and accordingly any 'lost profits' resulting from trade of stocks is measured potentially by a much greater period than a limited options contract period specified in an options contract.

Moreover, in Cauble, which involved claims of fraudulent trading under the Commodities Exchange Act, state law claims of negligence and a fraudulent inducement claim arising out of a settlement agreement, the Court shortened the

Honorable Ellen Bree Burns
United States District Court Senior Judge
United States District Court
District of Connecticut
July 27, 2004
Page 3 of 5

period of time for which Cauble could recover damages because Cauble failed to proffer any evidence of proximate causation, and any evidence that he made diligent efforts to open a new commodities options account after the wrongful liquidation of his account. Cauble, 594 F. Supp. at 996. Because the Court believed that Cauble could have opened a new account within two trading days, it used that time frame to measure damages relating to his negligence claim.

In Katara, the Court noted that the plaintiff claimed that the involuntary liquidation was 'fraudulent', and that Defendant breached its contract. The Court held damages were to be calculated according to the 'remaining life' of the commodities options at issue.

As we indicated during trial today, the following cases we submitted to the Court clearly illustrate that the proper measure for a breach of fiduciary duty under New York law is compensation for lost profits and opportunities (plus any compensation, fees and expenses) experienced by plaintiff during a variety of time periods such as one to five years, and at times, even through the date of trial:[1]

    (a)    105 East Second Street Associates v. Bobrow, et al., 175 A.D.2d 746, 573 N.Y.S.2d 503 (1st Dep't 1991) (Confirmed that measure of damages for breach of fiduciary duty is the amount of loss, including lost opportunities for profit by reason of fiduciary's conduct. Held that plaintiff general partner is entitled to damages for the diminution in value of properties at issue over a ten month period, and that marketability of such properties should not have deprived plaintiff of such damages);

    (b)    Wolf v. Rand, 258 A.D.2d 401 (1st Dep't 1999) (Upheld lower court's award of lost profits over a five year period, which occurred as a result of

---

[1] Jurisdictions outside of New York also use this method to measure damages for breach of fiduciary duty. See e.g., Friedman, Clark & Shaprio, Inc., et. al. v. Greenberg, 2001 Tex. App. LEXIS 6525 (2001) (Upheld jury's damages award for breach of fiduciary duty, which covered lost profits from a one year period).

Honorable Ellen Bree Burns
United States District Court Senior Judge
United States District Court
District of Connecticut
July 27, 2004
Page 4 of 5

        defendant shareholders' and defendant corporation's breach of fiduciary duty);

(c)   <u>Duane Jones Company, Inc. v. Frank Burke, Jr., et al.</u>, 306 N.Y. 172 (1954) (Held that Plaintiff corporation may recover the amount of loss it sustained, including opportunities for profit lost by reason of Defendants' conduct, and <u>measured such loss through the date of trial</u>. Defendants committed such wrong in violation of the fiduciary duties they owed to the Plaintiff corporation);

(d)   <u>AIA Holdings, S.S. v. Lehman Brothers, Inc. and Bear Stearns & Co., Inc.</u>, 2002 U.S. Dist LEXIS 10848 (2002) (Held that Plaintiff investors entitled to recover on their claims for breach of fiduciary duty, the lost profits that they would have made on investments in US Treasury bills that their broker promised to make during their relationship from <u>1988 through 1995</u>); and

(e)   <u>American Federal Group, Ltd. V. Barnett Rothenberg</u>, 2003 U.S. Dist. LEXIS 18353 (2003) (Held that Plaintiff entitled to recover lost profits in the form of revenue lost for <u>one year period</u>, which was caused by Defendant's breach of fiduciary duty to plaintiff).

Based on the foregoing, and the arguments and evidence presented by Plaintiff during trial, Plaintiff respectfully requests that the Court reconsider its above decision and upon reconsideration instruct the jury that the damages it may award to Plaintiff for Defendant's breach of fiduciary duty shall include any lost profits or opportunities through Mr. Conte's July 21, 2000 retirement date, plus any

Honorable Ellen Bree Burns
United States District Court Senior Judge
United States District Court
District of Connecticut
July 27, 2004
Page 5 of 5

compensation, fees and expenses that Mr. Conte paid to Defendant during the entire period of such wrongful conduct.

Respectfully Submitted,
Law Offices of Elisabeth Seieroe Maurer, PC

Elisabeth Seieroe Maurer

BY FACSIMILE #203-773-2148

cc: Martin P. Unger, Esq. BY FACSIMILE
    Eric P. Smith, Esq. BY FACSIMILE