UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------:
VICTOR T. CONTE                 :  CIVIL ACTION NO. 3:01cv463(EBB)
                                :
     PLAINTIFF,                 :
                                :
V.                              :
                                :
USALLIANCE FEDERAL CREDIT       :
UNION, ET AL.                   :
                                :
     DEFENDANTS.                :
                                :
-------------------------------.  AUGUST 12, 2004
```

**CORRECTED/SUBSTITUTE
MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT USALLIANCE FEDERAL CREDIT UNION'S
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

In accordance with Local Rule 7, defendant USAlliance Federal Credit Union ("USAlliance") respectfully submits this memorandum of law in support of its renewed motion for judgment.

**THE JURY'S FINDING OF NEGLIGENCE ON THE PART OF USALLIANCE IS NOT SUPPORTED BY THE EVIDENCE.**

Under New York law, a case involving allegations of negligence on the part of banking officers clearly requires the testimony of an expert in order for lay jurors to understand the specific duties and responsibilities required of bank officers in a given situation, whether those bank officers acted, or

- 1 -

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\MPESCE-DOMBROWSKI\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK5BC\MEMO OF LAW CORRECTED RE MOTION FOR JNOV 8-12-04.DOC

failed to act, in accordance with those duties and responsibilities and, if so, what damages (if any) are specifically attributable to such negligent acts or omissions. <u>LNC Investments, Inc. v. First Fidelity Bank</u>, No. 92CIV7584 CSH, 2000 WL 1024717, at *3 (S.D.N.Y. July 25, 2000).  Furthermore, courts have repeatedly held that unless the ordinary knowledge and experience of the fact-finder provides a sufficient basis for judging the adequacy of professional services, expert testimony is required. <u>Cf.</u> <u>Greene v. Payne, Wood and Littlejohn</u>, 602 N.Y.S.2d 883, 885 (2d Dept. 1993) (expert needed to explain standard of professional care for lawyers); <u>Milano v. Freed</u>, 64 F.3d 91 (2d Cir. 1995) (expert required to explain standard of professional care for doctors); <u>LNC Investments, Inc.</u>, 2000 WL 1024714, at *3 (expert "clearly required" to explain standard of professional care for bankers).

In this case, the plaintiff alleged that USAlliance breached its duty to the plaintiff "of reasonable care and to behave in a commercially reasonable manner." (<u>Complaint</u> at 19.) The plaintiff alleged specifically that USAlliance's employees were negligent in various ways by liquidating the plaintiff's

- 2 -

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\MPESCE-DOMBROWSKI\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK5BC\MEMO OF LAW CORRECTED RE MOTION FOR JNOV 8-12-04.DOC

stock portfolio, by failing to provide adequate pre-liquidation notice, and by liquidating the plaintiff's portfolio in the particular manner that it did under the facts and circumstances in September 1998.  The plaintiff's counsel even conceded during trial that the plaintiff's negligence claims were based on principles of professional negligence.

The plaintiff supplied no testimony, expert or otherwise, from which the jury could have determined reasonably any of the following issues: (1) "commercially reasonable" conduct in September 1998 on the part of USAlliance, as a credit union and lender, with regard to the plaintiff's stock portfolio under the circumstances; (2) USAlliance's specific duties and responsibilities, as a credit union and lender, in September 1998 when contemplating the liquidation of the plaintiff's stock portfolio under the circumstances; (3) USAlliance's specific duties and responsibilities, as a credit union and lender, in September 1998 when actually liquidating the plaintiff's stock portfolio under the circumstances; (4) whether the alleged acts or omissions of USAlliance in September 1998 were commercially unreasonable under the circumstances; (5) whether the claimed

- 3 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\MPESCE-DOMBROWSKI\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK5BC\MEMO OF LAW CORRECTED RE MOTION FOR JNOV 8-12-04.DOC

acts or omissions of USAlliance in September 1998 violated the applicable standard(s) of care under the circumstances; and (6) whether any commercially unreasonable or substandard acts or omissions of USAlliance were a proximate cause of the plaintiff's claimed losses.  Without expert testimony to address these issues, the jury's finding that the conduct of USAlliance in September 1998 relative to the plaintiff was negligent as opposed to "an honest mistake of judgment where the proper course of action was open to reasonable doubt" was not, and could not have been, based on evidence within the record. <u>Greene</u>, 197 A.D.2d 664, 666, 602 N.Y.S.2d 883, 885, (quoting <u>Drab v. Baum</u>, 114 A.D.2d 992, 993, 495 N.Y.S.2d 684 (2d Dept. 1985)).  The jury's findings and verdict against USAlliance on the plaintiff's claim of negligence cannot, therefore, stand as a matter of law.

                                         Respectfully submitted,

                                         THE DEFENDANT,
                                         US Alliance Federal Credit Union


                                         BY:_____
                                            ERIC P. SMITH, ESQ.
                                            Fed. Bar No. ct16141

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\MPESCE-DOMBROWSKI\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK5BC\MEMO OF LAW CORRECTED RE MOTION FOR JNOV 8-12-04.DOC

CERTIFICATION

I certify that a copy of the above was mailed on August 12, 2004 to all counsel and *pro se* parties of record as follows:

Elisabeth Seieroe Maurer, Esq.
Eva M. Puorro, Esq.
871 Ethan Allen Highway, Suite 202
Ridgefield, CT 06877-2811
(203) 438-1388
(203) 431-0357 (facsimile)

Martin P. Unger, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7000
(516) 296-7111 (facsimile)

_____
Eric P. Smith, Esq.

- 5 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\MPESCE-DOMBROWSKI\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK5BC\MEMO OF LAW CORRECTED RE MOTION FOR JNOV 8-12-04.DOC