FILED
SEP 13  3 02 PM '04

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
------------------------------ :
VICTOR T. CONTE               : CIVIL ACTION NO. 3:01cv463(EBB)
                              :
     PLAINTIFF,               :
                              :
V.                            :
                              :
USALLIANCE FEDERAL CREDIT     :
UNION                         :
                              :
     DEFENDANT.               :
                              :
------------------------------. SEPTEMBER 13, 2004
```

### REPLY TO PLAINTIFF'S OPPOSITION
### TO USALLIANCE FEDERAL CREDIT UNION'S
### MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant USAlliance Federal Credit Union ("USAlliance") respectfully replies to the plaintiff's Memorandum in Opposition, which was filed in response to USAlliance's renewed motion for judgment as a matter of law.

Essentially, the plaintiff asserts that evidence of the Secured Loan Agreement and the parties' longstanding relationship is sufficient, in light of the jury's ordinary knowledge and experience, to support the jury's finding of negligence against USAlliance. This assertion ignores the plain language of the Court's charge and the rule of law that expert

- 1 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20600-20999\20839 US ALLIANCE FED. CU\001 VICTOR CONTE V. - EPS\REPLY RE MOTION FOR JNOV 9-8-04.DOC

testimony is required whenever the allegedly negligent acts or omissions involve matters outside the ordinary knowledge or experience of the trier of the facts.

In addressing the plaintiff's negligence claim, the Court charged the jury that

> [s]omeone who has special training and experience in a trade or profession has a duty, while acting in that capacity, to exercise the skill and degree of care that others in the same trade or profession in the community exercise under the same circumstances. In other words, you <u>must</u> consider whether USAlliance agents failed to exercise the skill and degree of care that others in their field ordinarily would exercise in similar circumstances.

(Emphasis added.) The plaintiff did not challenge this portion of the Court's charge at trial and does not appear to be challenging it now.[1]

The trial record contains no evidence of "the skill and degree of care that others in the same trade or profession in the community exercise under the same circumstances" or that "USAlliance agents failed to exercise the skill and degree of

---

[1] Although USAlliance objected to the Court's negligence charge, its objection was based solely on a lack of evidence in the record to justify the charge. USAlliance did not, and does not now, challenge the Court's statements of the law.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

care that others in their field ordinarily would exercise in similar circumstances." The plaintiff does not claim otherwise. Nor does the plaintiff claim that evidence of "the skill and degree of care that others in the same trade or profession in the community exercise under the same circumstances" was, or even could be, established by means other than expert testimony.

Without expert testimony to supply evidence of "the skill and degree of care that others in the same trade or profession in the community exercise under the same circumstances" or that "USAlliance agents failed to exercise the skill and degree of care that others in their field ordinarily would exercise in similar circumstances," the jury's finding of negligence against USAlliance is unsupported by the evidence and cannot stand.[2]

---

[2] The plaintiff's present position that expert testimony is not needed to support his claim conveniently overlooks the fact that he disclosed and attempted to proffer expert testimony regarding the unreasonableness and impropriety of USAlliance's acts and omissions in light of professional and industry standards, albeit through an individual who was wholly unqualified to render such opinions with respect to a federal credit union.

- 3 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20500-20999\20639 US ALLIANCE FED. CU\001 VICTOR CONTE V. - EPS\REPLY RE MOTION FOR JNOV 9-8-04.DOC

Respectfully submitted,

THE DEFENDANT,
US Alliance Federal Credit Union

BY: _____
    ERIC P. SMITH, ESQ.
    Fed. Bar No. ct16141

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\20500-20999\20639 US ALLIANCE FED. CU\001 VICTOR CONTE V. - EPS\REPLY RE MOTION FOR JNOV 9-8-04.DOC

CERTIFICATION

I certify that a copy of the above was mailed on September 13, 2004 to all counsel and *pro se* parties of record as follows:

Elisabeth Seieroe Maurer, Esq.
Eva M. Puorro, Esq.
871 Ethan Allen Highway, Suite 202
Ridgefield, CT 06877-2811
(203) 438-1388
(203) 431-0357 (facsimile)

Martin P. Unger, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7000
(516) 296-7111 (facsimile)

Honorable Judge Ellen Bree Burns
U.S. District Court
141 Church Street
New Haven, CT 06510

_____
Eric P. Smith, Esq.